IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALEXANDER PLADOTT | § | |
| | § | |
| VS. | § | C.A. NO. 05-10356-RWZ |
| | § | |
| LARRY EVERS, et al. | § | |

### AFFIDAVIT OF KEVIN MICHAELS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Kevin Michaels, who being duly sworn upon his oath states as follows:

1. I, Kevin Michaels, am over the age of eighteen (18) years, have never been convicted of a felony, am of sound and mind, and able to make this affidavit and have personal knowledge of the facts stated herein and which are true and correct. I am an attorney licensed to practice in the State of Texas since November 6, 1992.

2. I represent Mr. Pladott in Civil Action No. H-04-4434; *Larry Ewers v. Alexander Pladott;* In the United States District Court, Southern District of Texas, Houston Division. I also represent Mr. Howard Liner in Cause No. 2003-33307; *E.P.D. Management Company, L.L.C. and Larry Ewers v. Howard Eugene Liner*; In the 151st Judicial District Court, Harris County, Texas and Cause No. 2005-11080; *Howard Eugene Liner v. E.P.D. Management Company, L.L.C. and Larry Ewers*; In the 151st Judicial

1

District Court, Harris County, Texas. As a result of my involvement in these matters, I am aware of certain facts concerning E.P.D. Management Company, L.L.C. (hereinafter "E.P.D.") and Mr. Larry Ewers' association with that entity. I am also aware of the fact that Mr. Ewers has asserted an ownership interest in that company in addition to claiming that he is an officer and director in that entity. These are issues that are relevant in the Liner lawsuits and as such, issues that I have researched.

3. As a result of my research, I was able to ascertain that E.P.D. was originally organized on October 16, 1998. Mr. Don Butler was named as the registered agent and managing member. E.P.D had also forfeited its corporate charter on March 16, 1998 for failure to pay its state franchise taxes. However, that charter was reinstated on October 18, 2004. On May 3, 2005 I conducted further research on the State of Texas Secretary of State's website and determined that on March 15, 2005, Mr. Ewers had filed a Public Information Report listing himself as president and that another page on that website listed Mr. Ewers as the director of E.P.D. However, there are no other documents filed with the Secretary of State's office such as an amended Articles of Organization substantiating these positions.

4. Generally, a limited liability company's Operating Agreement is the document that would set forth the identity of the entity's officers. Under Texas law, a limited liability company does not have directors, instead having members, some of which can be managing members and therefore the individuals with the authority to act on behalf of the entity.

2

5.  During the course of my involvement with those lawsuits identified in Paragraph 2 above, I have had the opportunity to review certain documents regarding E.P.D. None of the documents I have reviewed identify Mr. Ewers as having any position with E.P.D. with the exception of the March 15, 2005 Public Information Report. However, I have reviewed a copy of a document identified as the minutes of the Organizational Meeting of the Managers of E.P.D. dated October 18, 1998. This document purports to name Mr. Ewers as president and secretary of E.P.D. Mr. Butler, who at that time was the only individual identified in official records filed with the Texas Secretary of State's office in any managerial position with E.P.D. did not sign these minutes nor have I reviewed a document executed by Mr. Butler formally resigning as a managing member of E.P.D., a corporate formality usually followed. Instead these minutes, which also purport to include Mr. Butler's resignation as a managing member, were signed by Janice Ewers, Mr. Ewers' wife, as secretary of the company though she apparently did not have the authority to do so in that capacity. Mr. Butler is still listed in the Texas Secretary of State's website as the registered agent for E.P.D.

6.  Additionally, while Mr. Butler is mentioned as being present for the October 18, 1998 meeting, the fact that he did not sign either the minutes themselves regarding his resignation as the managing member or a separate document attesting to that resignation, draw into question whether he actually attended that meeting as reflected in the minutes. The consequence of this fact is that as he was the only member of E.P.D. at the time, his presence was required to

constitute a quorum thereby enabling any business to be transacted. At the time of the meeting, there were no other documents that I am aware of or have reviewed that identified Mr. Ewers as having any association with E.P.D. thereby rendering his presence at this meeting of no consequence for constituting a quorum. As far as I am aware after reviewing the Secretary of State's website, there were no documents on file with the Texas Secretary of State until March 15, 2005 that associated Mr. Ewers with E.P.D.

Further affiant saith not.

Kevin Michaels

SUBSCRIBED and SWORN TO before me on this 4th day of May 2005.



Notary Public in and for
The State of Texas

Commission Expires: 09-05-2008

4

## CERTIFICATE OF SERVICE

     I hereby certify that on May 6, 2005, I served a copy of this document, by first class mail, upon Alan Spiro, Edwards & Angell, LLP, 101 Federal Street, Boston, MA 02110.

_____
Isaac H. Peres