**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ALEXANDER PLADOTT,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | |
| ) | **CIVIL ACTION** |
| ) | **NO. 05-10356-RWZ** |
| **LARRY EWERS,** ) | |
| **JOHN DOES 1 – 5** ) | |
| **JOHN DOES 6 – 10,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL
AFFIDAVIT OF ALEXANDER PLADOTT IN SUPPORT OF MOTION FOR A
PRELIMINARY INJUNCTION**

The Plaintiff, Alexander Pladott, hereby requests this Court to grant him leave to

file a supplemental Affidavit in support of his Motion for a Preliminary Injunction. As

grounds for this Motion, the Plaintiff states that (1) the parties did not reach a settlement

by the June 28, 2005 deadline imposed by the Court; and (2) the Affidavit addresses an

issue raised by the Court during the hearing on the Motion for a Preliminary Injunction.

In addition, the Plaintiff has attached hereto a copy of the final proposed Judgment which

he submitted to Ewers.

                              ALEXANDER PLADOTT

                              By his Attorney,


                              Isaac H. Peres, BBO #545149
                              50 Congress Street
                              Boston, MA 02109
                              (617) 722-0094


                       CERTIFICATE OF SERVICE


        I hereby certify that on July 20, 2005, I served a copy of this Motion and the
Supplemental Affidavit of Alexander Pladott, by hand delivery, upon Alan Spiro,
Edwards & Angell, LLP, 101 Federal Street, Boston, MA 02110.


                              Isaac H. Peres

                                   2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LARRY EWERS,
　　　Plaintiff,

　　v.

CHRISTOPHER PATRICK HERON,
CORPORATION OF THE BANKHOUSE, INC.,
SOCIETE BANKHOUSE, and
JAMES F. POMEROY, II,
　　　Defendants.

CIVIL ACTION
NO. 04- 10024-RWZ

## FINAL JUDGMENT

All defendants having been defaulted, and upon consideration of the pleadings, briefs, and arguments of counsel to the parties and to certain movants/intervenors, it is hereby ORDERED, ADJUDGED AND DECREED:

1. Judgment shall enter in favor of Plaintiff Larry Ewers (acting with fiduciary responsibility for and on behalf of the movants/intervenors per all of the terms and conditions set forth below) against Defendants Corporation of the BankHouse, Inc. and James F. Pomeroy, II for a sum certain of $4,480,000, on each of Counts I – IV of the Complaint, trebled to $13,440,000 on Count V of the Complaint, each as of January 5, 2004, the date of filing of the Complaint, together with interest as provided by law.

2. Judgment shall enter in favor of Plaintiff Larry Ewers (acting with a fiduciary responsibility for and on behalf of the movants/intervenors per terms and conditions set forth below) against defendant Christopher Patrick Heron for the sum certain of $1,980,000,000 on each of Counts II – IV of the Complaint, trebled to $5,940,000,000 on Count V of the Complaint, each as of January 5, 2004, the date of filing of the original Complaint in this action, plus interest as provided by law.

3. The first $2,000,000 of any monies recovered pursuant to this Judgment and/or settlement shall be paid into this Court (or, at the election of Ewers and Pladott, into an escrow account established by and satisfactory to the parties), and shall be held by the Court (or in such escrow account) for the reimbursement to Ewers and Pladott of all fees and expenses incurred in connection with the investigation, location, identification, collection and/or recovery of such monies. Such monies shall be distributed only upon either: (a) the express written agreement of Ewers and Pladott as to the amount of such fees and expenses properly reimbursable to Ewers and Pladott; or (b) the adjudication by this Court (or by a master or magistrate appointed by this Court, or an arbitrator agreed upon in writing by Ewers and Pladott) of the amount of fees and expenses properly reimbursable to Ewers and Pladott.

4. Any monies recovered pursuant to this Judgment and/or settlement, over and above the first $2,000,000 to be paid into Court or into escrow as set forth in the immediately preceding paragraph 3, shall be distributed directly to the following persons (in the manner set forth in paragraph 5 below), and in the following percentages:

| Larry Ewers: | 35.745% |
| Howard Eugene Liner: | 35.745% |
| Alexander Pladott: | 28.510% |

5. No monies shall be released, paid or distributed to Ewers, Liner or Pladott by any person or entity, except as provided in this Judgment.

6. Any monies to be released, paid, or distributed by any entity or person pursuant to or towards the satisfaction of this Judgment and/or any settlement, wherever the entities, persons or monies may be located, must be distributed as follows: the first

$2,000,000 shall be paid into this Court or into escrow, as provided in paragraph 3 above; and any and all amounts above $2,000,000 shall be paid directly to Ewers, Liner and Pladott, in the percentages set forth in paragraph 4 above, by paying such sums to their respective attorneys, who shall deposit such monies in client trust accounts for the benefit of their respective clients, as follows:

A. The 35.745% to be paid to Larry Ewers shall be paid to:

> Alan M. Spiro, Esq.
> EDWARDS & ANGELL, LLP
> 101 Federal Street
> Boston, Massachusetts 02110
> (617.951.2204)

B. The 35.745% to be paid to Howard Eugene Liner shall be paid to:

> Kevin R. Michaels, Esq. – Client Trust Account
> 11767 Katy Freeway, Suite 77079
> Houston, Texas 77079
> (281.496.9889)

C. The 28.510% to be paid to Alexander Pladott shall be paid to:

> FHT Trust – Alexander Pladott, Trustee
> Wells Fargo Bank, N.A.
> 20642 Ventura Blvd., Woodland Hills, CA 91364
> Routing #: 121-000248
> Account #: 6099820414
> With notice to Alexander Pladott at:
> E-Fax: 413-832-8802 and
> E-Mail: alex@pladott.com

D. If any dispute arises with respect to the continuing representation of any of the foregoing parties by the foregoing attorneys, the monies which would have been paid to the attorney's client trust account for that party shall be paid into this Court, pending the further order of this Court.

7. Any person who, or entity which, is about to release, pay or distribute any monies pursuant to or in satisfaction of this Judgment and/or settlement shall notify all of the parties named above, in writing, in advance of making such release, payment or distribution.

8.      Any person or entity which has already released, paid or distributed any monies from Heron accounts related to this judgment or settlement prior to the date of this judgment shall immediately notify in writing all parties named in Paragraph 6 above as to any such payments.

9.      This judgment and all of its terms and conditions supersede any and all previous arrangements and/or previous agreement(s) between any of the following parties:

      9.1    Larry W. Ewers
      9.2    EPD Management Company LLC
      9.3    Howard Eugene Liner
      9.4    Alexander Pladott

10.     This judgment is not assignable by any party.

11.     This court will maintain jurisdiction on all matters related to this judgment.

      SO ORDERED.

_____
Rya W. Zobel, United States District Judge

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALEXANDER PLADOTT,                         )
                                           )
                          Plaintiff        )
                                           )
v.                                         )
                                           )    CIVIL ACTION
                                           )    NO. 05-10356-RWZ
LARRY EWERS,                               )
JOHN DOES 1 – 5                            )
JOHN DOES 6 – 10,                          )
                                           )
                          Defendants.      )
                                           )

## SUPPLEMENTAL AFFIDAVIT OF ALEXANDER PLADOTT

I, Alexander Pladott, being duly sworn, hereby depose and states as follows:

1.    I am the Plaintiff in this case. I am a citizen of the United States and I reside at 20000 Winnetka Place, Woodland Hills, CA 91364.

2.    I have received more than 1,300 documents from Bank of America through a civil subpoena pertaining to the bank account for EPD Management Company LLC ("EPD") from the date of its inception on October 5, 2000 under Federal Tax I.D. #760-589859 through May 2005.

3.    The attached report (Exhibit 1) is the initial summary of the EPD bank account records relating to the sources of EPD funds for this period of time and how those funds were used by EPD.

4.    Contrary to what Ewers has represented to this Court, the foregoing records demonstrate that Ewers did not pay one single dime from his own pocket for any

of the legal expenses related to Heron. Instead, Ewers utilized money from private investors who placed their funds with EPD based on Ewers' representation that Heron owed a certain debt to him which he was in the process of collecting.

5. At the hearing on the Plaintiff's Motion for Summary Judgment, this Court inquired as to whether any assets belonging to Heron had been discovered.

6. On February 14, 2002, Ewers confirmed to me by e-mail that he employed "a group doing work on Heron's money movements" and that "the company is legitimate but their employees work for an agency of the U.S. I have an agreement with them to participate in the recovery of any monies."

7. In another e-mail to me, Ewers confirmed that all persons and entities he employed related to Heron's two bank accounts are former U.S. government employees who maintain relationships with U.S. government agencies or who are "moonlighting" and assisting in the process of freezing the funds in Heron's two bank accounts.

8. The following are the persons and entities that Ewers paid for their assistance through EPD as indicated in its bank records:

    (a) Kermit V. Bjorge – San Antonio, Texas

    (b) Tom Moss – San Antonio, Texas

    (c) Robert E. Howel – San Antonio, Texas

    (d) Bart International LLC – San Antonio, Texas

    (e) Phoenix Mining & Mineral LLC – San Antonio, Texas

    (f) Carlton Energy Group LLC – San Antonio, Texas

9. The former U.S. government employees, together with U.S. government agency employees located two of Heron's bank accounts during the time period between

April and May 2002, after which they initiated a request to freeze the funds under the provision of suspicion of money laundering offenses under the Federal Forfeiture laws.

10.    I received my information related to the seizure of funds by US government agency employees through:

       (a)    The US Department of Justice's Asset Forfeiture Program
       (b)    Civil Asset Forfeiture Reform Act of 2000
       (c)    Department of the Treasury - Executive Office for Asset Forfeiture
       (d)    The Federal Forfeiture Practice Manual

11.    Upon information and belief, there are two main authorities in the U.S. government that are legally authorized to initiate the freezing of Heron's bank accounts: the Attorney General of the United States, and the Secretary of the Treasury of the United States.

12.    Upon information and belief, seizure of funds may proceed under either administrative or judicial processes. Both are in rem actions brought in court against the assets. In the money laundering context that there is an ancillary hearing for third party petitioners to assert their interest in seized assets, after which the funds are transferred to a "suspense account" until the final disposition is decided. It is not unusual for the funds in these suspense accounts to be turned over to third parties.

13.    Upon information and belief, the Department of Justice (DOJ) Consolidated Asset Tracking System (CATS) is managed by the Asset Forfeiture Management Staff (AFMS). The system is designed to track assets seized by Federal law enforcement agencies throughout the forfeiture cycle. The Executive Office of Asset Forfeiture (EOAF) is under the Justice Management Division.

14.    I am informed and believe that Ewers has represented to the U.S. government agencies involved with the tracking and freezing of Heron's bank accounts

that he is a direct creditor of Heron and that he is eligible to receive any funds belonging to Heron that have been seized by the U.S. government. Ewers is not, of course, a direct creditor of Heron.

15.     For this reason, I need this Court to issue the Preliminary Injunction that I have requested in this case, precluding Ewers from representing that he is a direct creditor of Heron, so that it may be served upon all the U.S. government agencies involved with Heron's funds, and I can ensure that the funds are properly disbursed to the actual creditors of Heron and not for the sole benefit of Ewers.

Dated: July 18, 2005
Woodland Hills, CA 91364

_A. P Cadtt_

Alexander Pladott

State of California          )
                             ) ss.
County of Los Angeles        )

Subscribed and sworn to (or affirmed) before me on this 18th day of July 2005 by Alexander Pladott, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_S. Stone_

S. Stone
Notary Public



S. STONE
Commission # 1556550
Notary Public - California
Los Angeles County
My Comm. Expires Mar 5, 2009

# EXHIBIT "1"

# REPORT as of July 11, 2005

## SUMMARY OF BANK RECORDS
## EPD MANAGEMENT COMPANY LLC

**Bank of America Account No. 0057 7844 6713, Houston, Texas
Obtained by Subpoena to Bank of America Dated 04/22/05
Federal Tax ID Number that Ewers gave Bank of America
on the Date Ewers Opened the Account: # 760589859**

DEPOSITS FROM MAJOR PRIVATE INVESTORS
August 2001 – June 2002

1. August 2001
   a. Invisi-Bank Marketing (Lawrence Marchman)       $  7,500
   b. Emery Resources, Inc. (Lawrence Marchman)        $  2,500
2. September 2001
   a. Buckley, Mathews, White & Howel LLP              $  2,500
3. October 2001
   a. Ralph S. Sharman, MD                             $  3,250
   b. Lawrence Marchman                                $  3,000
4. November 2001
   a. Lawrence Marchman                                $  9,750
   b. Charles Sharman, attorney-IOLTA                  $  3,000
5. January 2002
   a. Lawrence Marchman                                $ 15,000
6. February 2002
   a. Lawrence Marchman                                $ 22,450
7. March 2002
   a. Reimbursement from Anthony Feldman               $  7,358
8. April 2002
   a. Lawrence Marchman                                $  3,500
   b. Buckley Mathews, White & Howel LLP               $  5,000
9. May 2002
   a. Lawrence Marchman                                $ 14,200
   b. Mark A. Mathews P.C.                             $  2,500
10. June 2002
    a. Emery Resources, Inc.                           $  4,500

Total Amount of Private Investors' Deposits for this Period:    $106,008

## Total Payments by EPD for Legal Fees Related to Heron
## August 2001 – June 2002

| | |
|---|---|
| 1. August 2001 – Anthony Feldman (UK Attorney) | $ 2,500 |
| 2. October 2001 – Anthony Feldman (UK Attorney) | $ 5,060 |
| 3. February 2002 – Anthony Feldman (UK Attorney) | $ 10,700 |
| 4. March 2002 – Anthony Feldman (UK Attorney) | |
| Reimbursement for overpayment | ($ 7,358) |
| Total Net Payments to Feldman: | $ 10,902 |

## SUMMARY FOR THE PERIOD OF AUGUST 2001 – June 30, 2002

| | |
|---|---|
| Beginning Balance as of 8/01/01: | $ 398 |
| Balance of EPD Bank Account as of June 30, 2002 | $ 5,678 |
| Total deposits by EPD Private Investors | $ 106,008 |
| Total payments from EPD to Feldman for Legal Fees | $ 10,902 |

The EPD bank account records show that during the period beginning in
August 2001 and ending in June 2002, Ewers spent a total of $89,826 from
his investor-funded EPD account. The EPD bank account records also detail
how this $89,826 of investors' money was used to pay for Ewers' personal
lifestyle and debt related to his bankruptcy.

## DEPOSITS FROM MAJOR PRIVATE INVESTORS
## IN EPD BANK ACCOUNT
### July 2002 – December 2002

1.  July 2002
     a.  Emery Resources, Inc. (Lawrence Marchman)            $ 11,975
2.  August 2002
     a.  Emery Resources, Inc. (Lawrence Marchman)            $ 12,700
3.  September 2002
     a.  Emery Resources, Inc. (Lawrence Marchman)            $ 34,000
4.  October 2002
     a.  Emery Resources, Inc. (Lawrence Marchman)            $  6,400
5.  November 2002
     a.  Charles Sharman, Attorney-IOLTA                      $ 21,000
     b.  Emery Resources, Inc.                                $  8,700
6.  December 2002
     a.  Emery Resources, Inc. (Lawrence Marchman)            $ 10,000
     b.  Private Investor – Cash Deposit                      $  2,500

Total Amount of Private Investors' Deposits for this Period:   $ 107,275

### Total Payments by EPD for Legal Fees for This Period Related to Heron

1.  August 2002     - Anthony Feldman (UK Attorney)          $  5,650

### Summary for July 2002 – December 2002

Beginning Balance as of 7/01/02                              $  5,678
Deposits From Investors:                                     $ 107,275
August 2002 - Anthony Feldman (UK Attorney)                  $  5,650
Ending Balance as of 12/31/2002                              $  17,601

The EPD bank account records show that Ewers spend approximately
$89,702 during this period of time from his investor-funded EPD bank
account to support his lifestyle.

## DEPOSITS FROM MAJOR PRIVATE INVESTORS
## IN EPD BANK ACCOUNT

### January 2003 – December 2003

1. January 2003
   a. Emery Resources, Inc. (Lawrence Marchman)          $ 3,000
2. February 2003
   a. Olga L. Estrada                                    $ 1,495
3. March 2003
   a. Olga L. Estrada                                    $ 5,000
   b. Emery Resources, Inc.                              $ 19,200
4. April 2003
   a. Paradime Resources                                 $ 18,000
   b. Emery Resources, Inc. (Lawrence Marchman)          $ 8,450
5. June 2003
   a. Emery Resources, Inc. (Lawrence Marchman)          $ 10,750
6. July 2003
   a. Emery Resources, Inc. (Lawrence Marchman)          $ 54,800
7. August 2003
   a. Emery Resources, Inc. (Lawrence Marchman)          $ 8,700
8. September 2003
   a. Emery Resources, Inc. (Lawrence Marchman)          $ 18,644
9. October 2003
   a. Emery Resources, Inc. (Lawrence Marchman)          $ 22,050
10. November 2003
    a. Emery Resources, Inc. (Lawrence Marchman)         $ 20,900
11. December 2003
    a. Emery Resources, Inc. (Lawrence Marchman)         $ 22,044

Total Amount of Private Investors' Deposits for this Period:   $ 213,033

## Total Payments by EPD for Legal Fees Related to Heron
### January 2003 – December 2003

1. February 2003
   a. Birgitta S. Meyer, UK                              $     966
2. March 2003
   a. Butcher Burns, UK                                 $   2,450
3. April 2003
   a. Butcher Burns, UK                                 $   2,450
4. May 2003
   a. Butcher Burns, UK                                 $  16,600
5. June 2003
   a. Charles Sharman (Liner)                           $   1,500
6. July 2003
   a. Butcher Burns, UK                                 $   5,900
   b. Charles Sharman (Liner)                           $   1,500
7. August 2003
   a. Butcher Burns, UK                                 $   3,500
   b. Charles Sharman (Liner)                           $   1,500
8. September 2003
   a. Specialist Private Investigators, UK              $   1,550
   b. Edwards Angell LLP                                $   5,000
   c. Charles Sharman (Liner)                           $   3,500
9. October 2003
   a. Butcher Burns, UK                                 $   3,237
   b. Charles Sharman (Liner)                           $   1,500
   c. Edwards Angell LLP                                $   1,633
10. November 2003
   a. Butcher Burns, UK                                 $   2,110
   b. Edwards Angell LLP                                $   4,447
11. December 2003
   a. Lawrence Graham UK                                $   6,322
   b. Edwards Angell LLP                                $  22,752

   TOTAL:                                               $  81,507

Total Payments by EPD for legal fees related to Heron for this period:
$ 81,507

## SUMMARY FOR THE PERIOD OF JANUARY 2003 – DECEMBER 2003

| | |
|---|---|
| Beginning Balance as of 01/01/03: | $  17,601 |
| Ending Balance as of 12/31/03 | $    8,905 |
| Total deposits by EPD Private Investors | $ 213,033 |
| Total payments for Legal Fees | $  81,507 |

The EPD bank account records show that Ewers spent $140,222 from private investors' funds during this period to support his lavish lifestyle, including child support payments required by a paternity judgment against him.

## DEPOSITS FROM MAJOR PRIVATE INVESTORS
## IN EPD BANK ACCOUNT

### January 2004 – December 2004

1. January 2004
   a. Emery Resources, Inc. (Lawrence Marchman)    $ 36,390
2. February 2004
   a. Emery Resources, Inc. (Lawrence Marchman)    $ 43,150
3. March 2004
   a. Emery Resources, Inc. (Lawrence Marchman)    $ 29,755
4. April 2004
   a. Emery Resources, Inc. (Lawrence Marchman)    $ 29,284
5. May 2004
   a. Emery Resources, Inc. (Lawrence Marchman)    $ 31,668
6. June 2004
   a. Emery Resources, Inc. (Lawrence Marchman)    $ 37,550
7. July 2004
   a. Emery Resources, Inc. (Lawrence Marchman)    $ 113,254
8. August 2004
   a. Emery Resources, Inc. (Lawrence Marchman)    $ 56,363
9. September 2004
   a. Emery Resources, Inc. (Lawrence Marchman)    $ 20,475
10. October 2004
    a. Emery Resources, Inc. (Lawrence Marchman)    $ 74,965
11. November 2004
    a. Emery Resources, Inc. (Lawrence Marchman)    $ 76,670
12. December 2004
    a. Emery Resources, Inc. (Lawrence Marchman)    $ 48,330

Total Amount of Private Investors' Deposits for this Period:    $ 597,854

## Total Payments by EPD for Legal Fees Related to Heron
### January 2004 – December 2004

1. January 2004
   a. Edwards & Angell LLP                                   $    300
   b. Lawrence Graham (UK Attorney)                          $  1,200
2. February 2004
   a. Edwards & Angell LLP                                   $ 14,958
3. March 2004
   a. Edwards & Angell LLP                                   $  2,324
   b. Lawrence Graham (UK Attorney)                          $    950
   c. Lawrence Graham (UK Attorney)                          $  6,850
4. April
   a. Specialist Private Investigators, UK                   $    540
5. May 2004
   a. Edwards & Angell LLP                                   $ 13,359
6. June 2004
   a. Edwards & Angell LLP                                   $  1,278
   b. Valentine & Co (Heron's UK Trustee)                    $  2,670
7. July 2004
   a. Wragg & Co. (UK Attorney)                              $ 10,500
8. August 2004
   a. Edwards & Angell LLP                                   $  2,287
   b. Wagg & Co. (UK Attorney)                               $  7,000
9. September 2004
   a. Edwards & Angell LLP                                   $  6,547
   b. Edwards & Angell LLP                                   $  1,657
10. October 2004
   a. Edwards & Angell LLP                                   $ 31,272
   b. Edwards & Angell LLP                                   $  3,929
11. December 2004
   a. Edwards & Angell LLP                                   $  7,437

Total Payments for legal fees related to Heron for this period:   $ 115,058

## Total Payments by EPD for Fees Related to Locating, Freezing And Concealing Heron's Bank Accounts

### January 2004 – December 2004

1. February 2004
    a. Kermit V. Bjorge                                          $  2,500
2. March 2004
    a. Kermit V. Bjorge                                          $     521
    b. Kermit V. Bjorge                                          $  1,106
3. April 2004
    a. Kermit V. Bjorge                                          $     545
    b. Kermit V. Bjorge                                          $  1,297
    c. Tom Moss                                                  $  1,300
    d. Robert E. Howell                                          $     980
    e. Kermit V. Bjorge                                          $  1,263
4. May 2004
    a. Kermit V. Bjorge                                          $  1,292
    b. Robert E. Howell                                          $     960
    c. Tom Moss                                                  $  1,165
5. July 2004
    a. Robert E. Howell                                          $  1,280
    b. Tom Moss                                                  $  1,349
    c. Kermit V. Bjorge                                          $  1,250
    d. Kermit V. Bjorge                                          $     647
    e. Tom Moss                                                  $  1,100
    f. Robert E. Howell                                          $  1,020
    g. Kermit V. Bjorge                                          $  1,250
    h. Phoenix Mining & Mineral LLC                              $  1,000
       San Antonio, Texas – Texas Capital Bank
    i. Bart International LLC                                     $  3,000
    j. Bart International LLC                                     $  1,500
    k. Phoenix Mining & Mineral                                  $ 42,500
6. August 2004
    a. Robert E Howell                                           $  1,644
    b. Tom Moss                                                  $  1,650
    c. Kermit V. Bjorge                                          $  1,250
    d. Phoenix Mining & Mineral LLC                              $  6,000
    e. Bart International LLC                                     $  5,207

7. October 2004
    a. Kermit V. Bjorge      $ 1,250
    b. Robert E. Howell      $ 1,900
    c. Tom Moss      $ 2,440
    d. Bart International LLC      $ 2,500
    e. Phoenix Mining & Mineral LLC      $ 16,000

8. November 2004
    a. Tom Moss      $ 1,780
    b. Kermit V. Bjorge      $ 1,250
    c. Robert E Howell      $ 1,520
    d. Phoenix Mining & Mineral LLC      $ 15,000
    e. Phoenix Mining & Mineral LLC      $ 3,000
    f. Kermit V. Bjorge      $ 1,250

9. December 2004
    a. Robert E Howell      $ 1,360
    b. Kermit V. Bjorge      $ 2,980
    c. Phoenix Mining & Mineral LLC      $ 5,000
    d. Robert E. Howell      $ 1,240
    e. Tom Moss      $ 1,800
    f. Kermit V. Bjorge      $ 1,920

                        TOTAL    $146,766

The total amount paid by EPD for this time period to five (5) entities (Former US Government Employees) related to locating, freezing and concealing Heron's bank accounts was $146,766.

## SUMMARY FOR THE PERIOD OF JANUARY 2004 – DECEMBER 2004

| | |
|---|---|
| Beginning Balance as of 01/01/04: | $ 8,905 |
| Ending Balance as of 12/31/04 | $ 32,480 |
| Total deposits by EPD Private Investors | $ 597,854 |
| Total payments for Legal Fees | $ 115,058 |
| Total payments related to Heron's concealed funds | $ 146,766 |

The EPD bank account records show that Ewers spent $312,455 from private investors' funds during this period to support his lavish lifestyle.

## DEPOSITS FROM MAJOR PRIVATE INVESTORS
## IN EPD BANK ACCOUNT

### January 2005 – December 2005

1. January 2005
   a. Emery Resources, Inc. (Lawrence Marchman)          $ 41,835
2. February 2005
   a. Emery Resources, Inc. (Lawrence Marchman)          $ 55,700
3. March 2005
   a. Emery Resources, Inc. (Lawrence Marchman)          $ 52,735
4. April 2005
   a. Emery Resources, Inc. (Lawrence Marchman)          $ 32,220

Total Amount of Private Investors' deposits for this period:     $ 182,440


### Total Payments by EPD for Legal Fees Related to Heron
### January 2005 – April 2005

1. January 2005
   a. Wragge & Co. (Ian Weatherall, UK Attorney)        $ 20,000
2. March 2005
   a. Edwards & Angell LLP                              $  15,224

   Total payments by EPD for legal fees related to
   Heron for this period:                              $ 35,224

## Total Payments by EPD for Fees Related to Locating, Freezing And Concealing Heron's Bank Accounts

### January 2005 – April 2005

1. February 2005
   a. Carlton Energy Group LLC                    $ 15,000
   b. Robert E. Howell                            $  1,590
2. March 2005
   a. Tom Moss                                    $  1,280
   b. Robert E. Howell                            $  1,140
   c. Phoenix Mining & Mineral LLC                $  3,500
   d. Tom Moss                                    $  1,760
   e. Robert E. Howell                            $  1,440

   The total amount paid by EPD for this time period related
   to Heron's concealed bank accounts:            $ 25,660

### SUMMARY FOR THE PERIOD OF JANUARY 2005 – APRIL 2005

| | |
|---|---|
| Beginning Balance as of 01/01/05: | $ 32,480 |
| Ending Balance as of 12/31/05 | $ 18,751 |
| Total deposits by EPD Private Investors | $ 182,440 |
| Total payments for Legal Fees | $ 35,224 |
| Total payments related to Heron's concealed funds | $ 25,660 |

The EPD bank account records show that Ewers spent $135,285 from
private investors' funds during this period to support his lavish lifestyle,
including child support payments required by a paternity judgment against
him.

## SUMMARY OF FACTS RELATED TO THE HERON DEBT LITIGATION AS DOCUMENTED BY EPD'S BANK RECORDS

EPD's official records and the EPD Bank of America ("BOA") records show that since its inception in 1998 until the end of April 2005, EPD has not employed a CPA and has not filed any Federal tax tax returns under Federal I.D. Number 760-589859.

It is important to note that Ewers has not invested any of his own money in EPD. He used other people's money to finance his lifestyle and all the litigation expenses against Heron.

EPD stared a financial venture to secure the collection of the Heron debt in August 2001 with the following parties:
1. The Texas law firm of Buckley, Mathews, White & Powell, LLP ($10,000)
2. Charles Sharman, attorney ($24,000)
3. Lawrence Marchman ("Larry Marchman")
4. Emery Resources Inc. (Larry Marchman is a Director)
5. Larry Ewers
6. EPD Management Company LLC (EPD)

The first four parties contributed approximately $100,000 in seed money for the Heron venture between August 2001 and June 2002. All four actively participated at that time in preparing the legal background needed to secure the collection of the Heron debt by Ewers. Their actions permitted Ewers to create the false impression that he was a Heron creditor.

Beginning in August 2001, Larry Marchman put together his company to provide financial support to EPD.

> Emery Resources Inc.
> 1023 Lodgehill Lane
> Houston, Texas 77090
> Tel: 713-857-1747

Marchman raised money from private investors through Emery Resources Inc. promising them a share of what "Heron owed to Ewers" as soon as Ewers collected it.

Donald Wiese, 6318 Cherry Hill, Houston, TX 77069, is the Secretary and Vice President of Emery Resources Inc.

In 2004, EPD made 41 deposits in its BOA bank account from funds provided by Emery Resources Inc. The average deposit was approximately $15,000.

## EPD FINANCIAL SUMMARY FOR AUGUST 2001 – APRIL 2005

| | |
|---|---|
| Deposits from investors: | $1,206,610 |
| Payments for legal fees: | $ 248,341 |
| Payments for locating, freezing and concealing Heron's bank accounts: | $ 172,426 |
| Amount Ewers spent to support his lifestyle: | $ 767,490 |

## Additional Information

1. EPD Management Company LLC     State Tax ID: 32001034357
   13726 Suntan Ave.     False Federal Tax ID: 760589859
   Corpus Cristi, TX 78418
   Tel: 361-949-8258
   Larry W. Ewers, Director, SS#: 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
2. Emery Resources Inc.     Tax ID: 32002659616
   1023 Lodgehill Lane
   Houston, TX 70090
   Tel: 713-857-1747
   Lawrence M. Marchman, Director, SS#: ___-__-9815
   Donald H. Wiese Jr., Secretary
3. Charles A. Sharman
   Nine Greenway Plaza, Suite 3040
   Houston, TX 77046
   Tel: 713-655-1195