UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER PLADOTT,<br><br>             Plaintiff<br><br>v.<br><br>LARRY EWERS,<br>JOHN DOES 1 – 5<br>JOHN DOES 6 – 10,<br><br>             Defendants. | CIVIL ACTION<br>NO. 05-10356-RWZ |

**PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS
OF DEFENDANT LARRY EWERS**

The Plaintiff, Alexander Pladott ("Pladott"), hereby opposes the Motion for Sanction filed by the Defendant, Larry Ewers ("Ewers"). As grounds for this Opposition, Pladott states that (1) Ewers' Motion is defective because he did not comply with the procedural requirements of Fed.R.Civ.P. 11; (2) Ewers' Motion is premature insofar as the Plaintiff's Motion for a Preliminary Injunction has yet to be acted upon and any argument that it is frivolous is premature; (3) there were adequate grounds for the filing of the Motion for a Preliminary Injunction; and (4) Pladott did not attempt to "extort" any settlement from Ewers and the financial records used in the supposed extortion are relevant to this case.

## ARGUMENT

**I.   EWERS HAS FAILED TO COMPLY WITH FED.R.CIV.P. 11(c)(1)(A) AND THE MOTION IS PROCEDURALLY DEFECTIVE.**

Rule 11 of the Federal Rules of Civil Procedure states the following, in pertinent part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in rule 5, ***but shall not be filed with or presented to the court unless***, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed.R.Civ.P. 11(c)(1)(A) (emphasis added).

Instead of serving his Motion for Sanctions on Pladott in accordance with Fed.R.Civ.P. 11(c)(1)(A), and waiting for the 21 day period to expire, Ewers filed his Motion for Sanctions directly with this Court, and thereby failed to comply with the procedure mandated by Rule 11. For this reason alone, Ewers' Motion for Sanctions must be denied.

**II.   THE MOTION FOR SANCTIONS IS PREMATURE INSOFAR AS THE COURT HAS YET TO RULE ON THE MOTION FOR A PRELIMINARY INJUNCTION.**

In addition to jumping the gun with regard to the procedural requirements of Rule 11, Ewers has jumped the gun since this Court has not decided the Motion for a Preliminary Injunction and he has yet to prevail. Certainly, nothing transpired at the hearing on the Motion which would indicate that this Court viewed Pladott's Motion as being frivolous, and it is presumptuous for Ewers to assume that its is.

2

## II. THE MOTION FOR A PRELIMINARY INJUNCTION WAS NOT FRIVOLOUS.

Even if this Court denies Pladott's Motion for a Preliminary Injunction, it is well established that "[t]he mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11 sanctions." Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52, 58 (1st Cir. 1999). To violate Rule 11, Pladott's Motion would have to be "frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." Safe-Strap Co. v. Koala Corp., 270 F.Supp.2d 407, 411 (S.D.N.Y. 2003) (citation omitted). See also Dubois v. United States Dept. of Agric., 270 F.3d 77, 80 (1st Cir. 2001).

In this case, Pladott requested the Court to grant him "an order restraining and enjoining the Defendant, Larry Ewers, until further order of this Court, from representing to any court or third-party that he is a direct creditor of Christopher Patrick Heron, by way of a Compensation Agreement dated May 3, 2002 between E.P.D. Management Company, LLC and Howard Eugene Liner, or otherwise." As this Court correctly observed during the hearing on Pladott's Motion, the fact that Ewers is not a ***direct*** creditor of Heron is ***undisputed***. In other words, what Pladott requested this Court to grant him was not unreasonable or "factually without foundation," and was something that Ewers could have simply agreed to.[1] The fact that Ewers refused to do so, speaks volumes about his intentions, which are to collect Heron's assets for his sole benefit, to the exclusion of Pladott's creditors.

---

[1] In addition, Pladott has submitted an Affidavit in support of this Opposition, in which he catalogues the numerous undisputed facts which he believes justify the position that he has taken in this case. Since Ewers seeks sanctions against Pladott, he wishes to be allowed to explain, in his own words, the position he has taken in this case.

In his Motion for Sanctions, Ewers repeatedly complains that Pladott is asserting rights belonging to Ewers' principal, Howard Eugene Liner ("Liner"), and that Pladott's Motion violates Rule 11 for that reason. First of all, it should be perfectly clear by now that the rights of all these parties are intertwined – if Liner owes certain duties to Pladott based on previous agreements between them (i.e., the Settlement Agreement between the parties dated January 17, 2002), and Ewers is acting as Liner's attorney-in-fact, then the validity and scope of Ewers' power of attorney is of relevance to Pladott.

Moreover, it is Ewers who has made his agreements with Liner an issue in this litigation, and not the other way around. For example, after initially representing to this Court in a related lawsuit [Ewers v. Heron, 04-10024-RWZ] that he was suing Heron as "attorney-in-fact" for Liner, Ewers subsequently represented that Heron owes a debt *to him* because of the Compensation Agreement between Liner and E.P.D. Management Company, LLC ("E.P.D.") dated May 3, 2002, in which E.P.D. (and not Ewers personally), was given a "fifty percent (50%) interest only in and to the UK Bankruptcy Claim".

Thus, the validity and scope of the Compensation Agreement are relevant to Pladott, and he has every right to contest them in the context of a motion seeking to preclude Ewers from making certain representations regarding his relationship to Heron, when those representations might result in Pladott being excluded from any recovery of Heron's assets by Ewers.

### IV. THE FINANCIAL RECORDS OF E.P.D. ARE FAIR GAME IN THIS LITIGATION BECAUSE THEY SHED LIGHT ON RELEVANT ISSUES.

Finally, Ewers argues that Pladott acted in bad faith by providing certain information that he obtained about E.P.D.'s finances in a lawsuit in Texas to a third party.

4

First of all, as is explained in Pladott's Affidavit, he obtained these records in a legal manner.[2] Secondly, any argument that there has been a misuse of these records should be directed to the court in Texas which is presiding over the litigation in which the records were obtained. Thirdly, E.P.D.'s records are relevant because they contradict certain statements made by Ewers to this Court, and because they shed light on Ewers' efforts to locate Heron's assets, which is of paramount concern in this case. It should also be noted that there is nothing wrong with informing an adversary that the information contained in such records might be the subject of future discovery conducted in the case if the case does not settle, and Ewers' characterization of such conduct as "extortion" is preposterous.

## CONCLUSION

For the foregoing reasons, the Plaintiff, Alexander Pladott, requests this Court to deny the Motion for Sanctions filed by the Defendant, Larry Ewers.

ALEXANDER PLADOTT

By his Attorney,

*/s/ Isaac H. Peres*
Isaac H. Peres, BBO #545149
50 Congress Street
Boston, MA 02109
(617) 722-0094

---

[2] The reason for the disclosure is also detailed in the Affidavit of Alexander Pladott, which has been submitted herewith.

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2005, I served a copy of this document, by first class mail, upon Alan Spiro, Edwards & Angell, LLP, 101 Federal Street, Boston, MA 02110.

_____
Isaac H. Peres