**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ALEXANDER PLADOTT,** )<br><br>**Plaintiff** )<br><br>v. )<br><br>**LARRY EWERS,**<br>**JOHN DOES 1 – 5** )<br>**JOHN DOES 6 – 10,** )<br><br>**Defendants.** ) | **CIVIL ACTION**<br>**NO. 05-10356-RWZ** |

## AFFIDAVIT OF ALEXANDER PLADOTT IN SUPPORT OF HIS OPPOSITION TO DEFENDANT MOTION FOR SANCTIONS

I, Alexander Pladott, being duly sworn, hereby depose and states as follows:

1.    I am the Plaintiff in this case. I am a citizen of the United States and I reside at 20000 Winnetka Place, Woodland Hills, CA 91364.

2.    The complaint in this case was filed in order to prevent Ewers and his company, E.P.D. Management Company, LLC ("E.P.D.") from proceeding with their attempt to defraud the legitimate creditors of the U.K. Bankruptcy Estate of Christopher Patrick Heron ("Heron"). All litigations in Boston, MA and Houston, TX are related to the above matter and rely on the same documentation.

3.    I believe that the real reason that Ewers has filed a Motion for Sanctions is to attempt to confuse this court and by doing so, cause additional delays and expenses in the proceedings for the Motion for a Preliminary Injunction against him.

4.    My motion for Preliminary Injunction against Ewers is supported by undisputed facts that were previously filed with this court.

5.    In his initial complaint in Case # 04-10024-RWZ, Ewers implied that he
was a creditor of Heron based upon the Power of Attorney dated January 11, 2002 that
Howard Eugene Liner (Liner) gave him.

6.    In Case #05-10356-RWZ, Ewers filed his response to Pladott's complaint
on April 29, 2005, Docket #5, Exhibit "B" which was a Power of Attorney from Liner
dated January 11, 2002 and which Ewers had not presented to this court previously. This
specific Power of Attorney does **NOT** give Ewers the rights he claimed in his initial
complaint in Case # 04-10024. This Power of Attorney was legally terminated by Liner
on July 16, 2002.

7.    In all Ewers' motions to this Court in Case # 04-10024-RWZ thereafter,
through the time Pladott's group of Heron's three creditors' Motion to Intervene was
filed, Ewers has maintained two different positions which are both **false** based on the
documentation that Ewers himself filed with this court:

> a. By the Power of Attorney from Liner dated January 11, 2005, Ewers is the
>     Attorney in Fact for Liner with respect to all Liner's rights under the
>     January 17, 2002 Settlement Agreement with Heron.
>
> b. "The $1,980,000,000 (USD) Cho/Liner debt is payable to Ewers."

8.    After the Motion to Intervene was filed in Case # 04-10024-RWZ, Ewers
changed his initial version of events he presented to this court. In his Opposition to the
Motion to Intervene filed on August 25, 2004, Docket Entry #25, Ewers first introduced
the Compensation Agreement between EPD and Liner. (Ewers' Exhibit 4) In this
motion, Ewers claimed that Liner assigned Ewers a 50% interest in Liner's portion of the
Heron bankruptcy claim. This is false according to the documentation Ewers submitted
to this court.

2

9.      On October 29, 2004, Ewers filed a Supplemental Brief in Case #04-10024-RWZ, Docket Entry #33, in which Ewers acknowledged that the 50% assignment was actually to E.P.D. not Ewers, and that the litigation in Case # 04-10024-RWZ "*is an effort to collect the (U.K.) Bankruptcy Claim.*" (emphasis added). This court, however, does not have jurisdiction over collection of a foreign bankruptcy proceeding. Title 11 USCS Section 304 provides a legal avenue to do so and provides legal protection and just treatment of all holders of claims against or interests in a foreign bankruptcy estate. Ewers did **not** file his complaint in Case # 04-10024-RWZ on behalf of EPD in an attempt to collect on a foreign bankruptcy.

10.     The Compensation Agreement between Liner and EPD Management Company LLC ("EPD") dated May 3, 2002 was executed by Ewers on behalf of EPD. At that time Ewers was aware of the following:

>       a.  Liner could not assign any of his rights under the January 17, 2002 Settlement Agreement with Heron without the prior written approval from Pladott and his group of creditors who are the other parties to the agreement.

>       b.  The UK Bankruptcy Petition against Heron, filed on March 4, 2004 Cause No. 1625 of 2002, was based entirely on the January 17, 2002 Settlement Agreement with Heron. The Settlement Agreement forbade unapproved assignment; therefore Liner could not assign any of his derivative rights of the Settlement Agreement to EPD or anyone else.

>       c.  Liner's assignment of 50% of his portion of the UK Bankruptcy Claim was a conditional one and subject to the terms and conditions that as of today EPD and Ewers refuse to recognize. For example, EPD is not a

3

> party to Case # 04-10024-RWZ. Per the terms of the Compensation
> Agreement, it is Liner who should first receive all sums to be collected as
> a result of the UK Bankruptcy Claim, not Ewers. All sums received by
> Liner towards his portion of the Bankruptcy Claim should be deposited in
> a mutually agreeable trust prior to any distribution between Liner and
> EPD.

11.    In order to circumvent all of the above, Ewers claimed to this court that
since he is supposedly the EPD "beneficiary," and he has therefore become a Heron
creditor. This is patently false.

12.    The January 17, 2002 Settlement Agreement ("Settlement Agreement")
between Heron and his four creditors established that Heron owed the four creditors
$2,690,000,000 USD (hereinafter, "the Heron Debt"). Under the terms and conditions of
this agreement, none of the parties can assign their rights under the agreement without the
prior written approval of the three other parties to the agreement. The four creditors also
agreed that any recovery of Heron's assets by any one of them would be shared among
them on a "pari-passou" basis.

13.    The four Heron creditors and parties to the Settlement Agreement are:

      i.   Howard Eugene Liner ("Liner")

      ii.  Ah Ping Ban ("Ban")

      iii. Flamecrest Enterprises Limited Trust ("Flamecrest")

      iv.  Balz Rudolph Wolfensberger Trust ("Wolfensberger")

14.    On June 20, 2002, as Pladott stated in paragraph 33 of his Complaint,
"the four parties/creditors all agreed that the distribution of any funds eventually
collected toward the Heron debt be distributed on a 'pari-passou' basis:

4

|      |                              |         |
|------|------------------------------|---------|
| i.   | Cho/Liner                    | 71.49%  |
| ii   | Ban/Flamecrest/Wolfensberger | 28.51%  |

15.     If Ewers or EPD had a valid claim to the Heron debt, he would have made his claim on June 20, 2002 when the distribution agreement between the Heron creditors was created. He did not. He was acting solely as Liner's representative, nothing else.

16.     Ewers, in his answer to Pladott's complaint in this instant case filed on April 29, 2005 [Docket Entry #5] admitted and acknowledged the above facts in the Agreement dated June 20, 2002 and the Agreement itself.

17.     The U.K. Bankruptcy Order was entered on June 18, 2002.   Ewers represented Liner in the Settlement Agreement on January 17, 2002, **prior** to the Bankruptcy Order.  He also executed the May 3, 2002 EPD Compensation Agreement with Liner prior to the Bankruptcy Order.  Therefore, if Ewers or EPD had any claim as a Heron creditor, he or EPD would have made his claim at that time.  In spite of all the claims he has made in various courts, he has not filed a claim on behalf of EPD against Heron in any of the two competent jurisdictions: the U.K and Boston, MA. This is because EPD and Ewers are NOT Heron creditors even though they are trying to usurp the real creditors' interests.

18.     As of today, E.P.D. has not filed any type of bankruptcy claim and/or proof of debt on behalf of EPD with Heron's UK Bankruptcy Trustee.  On the contrary, in July 2004, Ewers filed a Proof of Debt in the amount of $1,980,000,000 with Heron's UK Bankruptcy Trustee on behalf of Liner only.  Therefore, as of today, it is Liner and Pladott's group of creditors who hold title to Heron's debt.  Liner is bound by his agreement with the other three Heron creditors to share any collection of money towards

5

the Heron debt with the other three Heron creditors. **Title to the Heron debt is held jointly by the four creditors. Ewers is not one of them.**

19.     Pladott stated in his Memorandum in Support of his Motion for Preliminary Injunction against Ewers filed on May 5, 2005, Docket Entry #8 that "there was no valid legal assignment of Heron's debt, or any portion of it, from Liner to EPD since the conditions required under the January 17, 2002 agreement never occurred." Therefore Liner could not assign any of his rights to his portion of the Heron debt to EPD or anyone else. Furthermore, Ewers, by his own deeds, actions and omissions through July 2004, recognized and acknowledged that any assignment from Liner to EPD would become legally valid **only after** Liner collected his share from Heron's debt through the U.K. Bankruptcy proceedings, and not before.

20.     As Ewers submitted to this Court, the Compensation Agreement between EPD and Liner is under the Harris County, Texas jurisdiction. Ewers is, therefore, legally bound to resolve all legal disputes related to his rights under this agreement in Texas.

21.     In Case #2005-11080, Liner v. Ewers and EPD in the District Court of Harris County, Texas, Liner states that Ewers and EPD obtained the Compensation Agreement through "fraud and a series of misrepresentations and failures to disclose," and that "Ewers, neither as an individual nor as a stockholder, may personally own any assets of the corporation or beneficial interest in its causes of action."

22.     Pladott hereby repeats, re-alleges and incorporates by reference his previous allegations related to EPD in the Motion for Preliminary Injunction and would like to add that neither Ewers nor EPD made any attempt to fulfill any of EPD's prerequisite obligations and requirements under the Compensation Agreement.

6

23.    For example, all money to be collected by Liner per his share under his bankruptcy claim against Heron was to "be deposited into the appropriate trust account of mutually agreeable legal counsel." Ewers did not submit to this court for or on behalf of EPD any evidence showing a bona fide intent to fulfill EPD's undertaking under the Compensation Agreement. Therefore Ewers, by his own deeds and omissions in this court, has admitted that he does not intend to fulfill any of EPD's obligations under the Compensation Agreement and intends to collect the entire Heron debt owed to Liner and Pladott's group of creditors for himself.

24.    Ewers never denied any of these allegations in his Opposition to Pladott's motion.

25.    For all of the above well-founded reasons, Ewers is **NOT** a Heron creditor and as such does not have any valid legal claim to any portion of Heron's debt.

26.    From December 2001 until the end of December 2002 there were four events resulting in four documents related to the Heron debt, all of which have already been submitted to this court:

a.  Memorandum of Understanding dated December 24, 2002

b.  Agreements dated January 17, 2002 and June 20, 2002

c.  U.K. Bankruptcy Order dated June 18, 2002

27.    Liner was represented by Ewers in all of the above and accordingly, Ewers represented himself as the authorized agent acting on behalf of Liner in all of them. Pladott and his group of Heron creditors are parties to all of the above events. None of these facts have been disputed by Ewers in this court or in any other court. **Therefore, the four Heron creditors are joint co-owners of any recovered Heron assets towards the Heron debt**.

7

28.      Under the Settlement Agreement dated January 17, 2002 between Heron and his four creditors, Liner undertook certain contractual obligations and restrictions to Pladott and his group of three Heron creditors. This included the inability to assign his rights under the agreement without the other parties' written consent. Ewers, as Liner's exclusive attorney-in-fact has a fiduciary responsibility to fulfill these obligations on behalf of his principal Liner.

29.      As agreed on June 20, 2002 between the four Heron creditors, and acknowledged by Ewers on that date on behalf Liner and also acknowledged by Ewers in this instant case, Liner undertook to Pladott and his group of three Heron creditors that Liner would share any amount recovered from the Heron debt with them on a "pari-passou" basis. As Liner's exclusive attorney-in-fact, Ewers is legally bound to fulfill Liner's obligation under this Agreement to Pladott and his group of three Heron creditors.

30.      The four Heron creditors each filed a proof of their respective portions of the Heron debt under their own names stating the amount Heron owed each one. These statements were filed with Heron's UK Bankruptcy Trustee in July 2004. The **only** proofs of debt accepted by the Heron's UK Bankruptcy Trustee for the Heron Debt are:

a.   Liner              $1,980,000,000 USD plus legal interest

b.   Ban              $ 500,000,000 USD plus legal interest

c.   Flamecrest      $ 100,000,000 USD plus legal interest

d.   Wolfensberger$ 110,000,000 USD plus legal interest

31.      The UK Trustee for Heron's Bankruptcy Estate is legally in charge of any U.K. Bankruptcy claims against Heron. Any disbursement of a claim towards the Heron debt must be made according to the bankruptcy laws of the country where the bankruptcy procedure first took place. Any court dealing with a bankruptcy claim is guided by and

8

consistent with the procedures preventing preferential or fraudulent dispositions of assets of the estate. Ewers has claimed in case #04-10024-RWZ in this court that his motion is "an effort to collect the (U.K.) bankruptcy claim." Therefore Pladott and his group of three Heron creditors have the legal right to fight Ewers' attempt to defraud Heron's bankruptcy estate. **Any recovery of assets from Heron is jointly owned by Heron's four creditors**.

32.     Per the undisputed facts presented above, Liner has an undisputed legal right to his share of the Heron debt which is 71.49% of whatever sum of money is collected toward the Heron debt, not a fixed amount as claimed by Ewers on behalf of Liner.

33.     It is undisputed that Liner and EPD agreed in the Compensation Agreement dated May 3, 2003 that "Liner and EPD mutually desire to continue with the bankruptcy claim seeking a mutually satisfactory resolution of the bankruptcy claim." The only bankruptcy claim that existed at that date was the U.K. Bankruptcy claim. Ewers is not acting as agreed between EPD and Liner nor as agreed between Liner and Pladott's group of three Heron creditors.

34.     According to the documents and exhibits Ewers has submitted to this court, he has four (4) powers of attorney that Liner gave him on four different occasions. All of them date back to or became effective as of January 11, 2002 with the purpose of representing Liner and in order to protect Liner's share of the Heron debt. As of today, Ewers is the sole fiduciary responsible for protecting and representing Liner's share of the Heron debt.

35.     On March 19, 2003, Liner was arrested on criminal charges for a matter unrelated to either of the above cases. He was sentenced to 135 months in prison on June

9

11, 2004. While Liner was in prison, Ewers filed Case #04-10024 with this court intending to:

    a. Usurp Liner's rights to collect his portion of the Heron debt

       ($1,980,000,000 USD) which Heron owes Liner, and to

    b Disassociate himself from any previous contractual and fiduciary

       obligations Ewers undertook on behalf of Liner related to the division of

       any recovery by the four Heron creditors of money owed them by Heron

    36.    The only documents that *might* give the perception that Ewers is a Heron creditor are those in the Docket report for Case # 04-10024. This perception would be absolutely incorrect because the submitted supporting documents are all intentionally faulty, deceptive and legally defective.

    a. Ewers' verified Motion for Entry of Default against Heron filed on May

       11, 2004, Docket Entry #8 with its Exhibits A and B hereto attached as

       Exhibit "1"

    b. Ewers' Exhibit A – Ewers stated that the Certificate of Service for Case #

       04-10024 was stamped by the Central London County Court. This is

       **false**. The claim number on the certificate is 02-10532-RWZ, **not** Case #

       04-10024 as it should be.

    c. Ewers' Exhibit B – A Certificate of Compliance by unidentified persons

       with no matching names and signatures was submitted for Case #02-

       10523-RWZ, not for Case # 04-10024 as it should have been.

    37.    Based on the above Motion with two (2) unrelated and defective Certificates, Ewers obtained a Notice of Default issued on June 4, 2004, Docket #9 (See attached Exhibit "2").

38.    Ewers has never submitted **his own affidavit** to this court. He has not
been able to provide conclusive evidence that he himself is a Heron creditor. Until Ewers
can provide this evidence, he should only be allowed to represent himself to this court
and other third parties as acting on behalf of Liner by a Power of Attorney with the
purpose of collecting the portion of the Heron debt owed to Liner per Liner's agreement
with Pladott's group of Heron creditors. Ewers is **not** one of the four Heron creditors.

39.    An example of the distribution structure for the first Ten Thousand Dollars
($10,000 USD) recovered from Heron assets toward the Heron debt by any of the four
Heron creditors pursuant to all the undisputed agreements between the parties as
presented to this court as of today is as follows:

    e.  Cho/Liner                                         $7,149
        i.  The $7,149 would be deposited into a Trust account for EPD and
            Liner according to their agreement
        ii.  EPD would be reimbursed for its expenses
        iii.  The balance would be split between EPD and Liner per their
            agreement
        iv.  EPD and Liner would pay their respective creditors/investors

    f.  Ban/Flamecrest/Wolfensberger           $2,851
        i.  The $2,851 would be deposited into a Trust account for the three
            creditors
        ii.  Pladott would be reimbursed for his expenses
        iii.  The balance would be split between the three creditors and Pladott
            according to their agreements.

40.    I am serving as a counsel to Kevin R. Michaels, the lawyer from Houston,
Texas who is representing Howard Eugene Liner in Case #2003-33307 and in Case
#2005-1108. In the Houston litigations, Ewers cites Boston, and in the Boston litigations,
Ewers cites Houston.

41.    On April 19, 2005, Datascope Support Services of Houston Texas notified
Charles A. Sharman, Ewers' attorney, that a subpoena for records had been issued

pursuant to Texas Finance Code Title 3, Subtitle A, Chapter 5, Subchapter A, Section 59.006 regarding all records of EPD with Bank of America, Houston, Texas. (Exhibit "3").

42.     On April 22, 2005, a subpoena was issued under Rule 176 of the Texas Rules of Civil Procedure (Exhibit "4").

43.     On June 16, 2005 I received more than 1,300 documents from Bank of America pertaining to the bank account and records for EPD (Federal Tax ID #760-589859) from its date of inception on October 5, 2000 through May, 2005 (Exhibit "5").

44.     Upon information and belief and to the best of my knowledge, the report filed with this court on July 19, 2005 Docket #13, Exhibit "1", is the initial summary of the E.P.D. bank account records relating to the sources of E.P.D. funds for this period of time and how those funds were used by E.P.D. The report is accurate and reflects the general financial activities of E.P.D. during this period of time. It is my property, with all proprietary rights.

45.     It is an undisputed fact that Emery Resources Inc. ("Emery") is the principal provider of "cash flow" to E.P.D. and Ewers. Emery has received a copy of the Report regarding E.P.D.'s Bank of America records and should be aware of the possible implication of E.P.D. and Ewers in fraudulent activities. Once Emery acknowledged that they had received the Report, they had the legal obligation to require E.P.D. to provide them with the following for each year beginning with 2001:

            A.     A CPA's report for E.P.D.

            B.     Copy of E.P.D.'s Federal tax returns

12

46. If Emery does not wish to be involved in the repercussions for any wrongdoing concerning E.P.D., they should request the above documents to verify for themselves whether or not the Bank of America documentation Report is accurate.

47. In Paragraphs 53 and 54 of my Complaint I referred to John Does 6- 10. These were unknown defendants at the time who aided and abetted Ewers in perpetrating a fraud upon the court. Upon information and belief, I am now able to identify two of the entities that provided the financing to Ewers as explained in my allegations in this complaint:

    A.    John Doe 6 is EPD, and

    B.    John Doe 7 is Emery.

48. Upon information and belief and to the best of my knowledge, Ewers' accusations of extortion, harassment and improper use of the report within the meaning of Fed.R.Civ.P. 11(b)(1) is baseless due to the following reasons:

    A.    The 1993 Rule 11 is not to be utilized for discovery disputes. Litigants are required to seek sanctions under the rules for discovery, not Rule 11. If and when applicable, motions for sanctions under the rules for discovery are subject to the provision under Rules 26 through 37.

    B.    Ewers introduced E.P.D. to this court in the instant case and in Case No. 04-10024-RW as a basis of his claim that he is a direct Heron creditor. Therefore, any legitimate investigation related to E.P.D. in any US court can be used in order to expose fraudulent activities committed by E.P.D. and Ewers.

    C.    Upon information and belief, and to the best of my knowledge, the letter dated June 23, 2005 in Ewers' Exhibit "A" does not meet the basic requirements of Rule 11.

13

49.     Contrary to what Ewers stated to this Court in Case #04-10024 and to the Appeals Court in Case #04-2620, the E.P.D. Bank of America records show that Ewers did not pay one single dime from his own pocket for any of the legal expenses or other fees related to the Heron litigation. Instead, Ewers always used "other people's money."

50.     EPD's Bank of America records show that on January 13, 2005, E.P.D. wire transferred a retainer fee of $20,000 to Mr. Ian Weatherall of Wragge & Co. LLP, UK, Ewers' lawyer in the United Kingdom.

51.     The EPD Bank of America records show that Ewers provided Bank of America with the following information and documents:

51.1.   EPD was organized on October 16, 1998 by Marilyn. S. Hershman from Lawyers Aid Service at the request of the law firm of Buckley, Mathews, White & Howell, LLP ("BMWH"). Exhibit "6".

51.2    Lawyers Aid Services faxed the officially stamped copy of the Articles of Organization to BMWH on Monday, October 19, 1998. Exhibit "7".

51.3    BMWH faxed the officially stamped copy of the Articles of Organization to Ewers on October 27, 1998. Exhibit "7"

51.4    Ewers filed the Articles of Organization dated October 16, 1998 with Bank of America on October 5, **2000**. Exhibit "7"

51.5    Ewers filed a copy of the Minutes of Special Meeting of the Sole Member of EPD dated April 23, 1999 with Bank of America on October 5, 2000. Exhibit "8". In these minutes, Ewers appointed himself as the new Manager of EPD and resolved "to consummate the transaction contemplated with Buckley-Mathews." Therefore, the document dated Sunday, October 18, 1999 that Ewers filed with this court in Case #04-10024-RWZ, Docket # 33, Exhibit 3 is a fabricated fraudulent document.

14

51.6    On October 29, 2004, Ewers filed Exhibit 4, Docket Entry #33

with this court in Case No. 04-10024-RWZ. This was an affidavit dated October 27,

2004 from Bruce Buckley from the law firm BMWH. Buckley stated in the affidavit that

"During the years 2000 through 2002, my law firm represented Howard Eugene Liner

with respect to various transactions involving Larry Ewers. At no time during this period

did I or any member of my law firm simultaneously represent Mr. Ewers during this time

period in any matter whatsoever, and have not represented Mr. Ewers in any matter since

that time." This is a false statement. (BMWH represented Liner in the preparation of his

agreement with EPD and the Power of Attorney.) The EPD Bank of America records

show that in the same period between September 19, 2001 and May 15, 2002, BMWH

paid EPD $10,000 which is inconsistent with Buckley's affidavit. See attached Exhibits:

> Exhibit "9"    Check #3269 dated 9/19/01 for $2,500
>
> Exhibit "10"   Wire Transfer dated 4/26/02 for $5,000
>
> Exhibit "11"   Check #3468 dated 5/15/02 for $2,500

According to the above findings and the findings in the report, it puts in question all

documents provided by BMWA to Ewers related to his relationship with Liner, Ewers,

and EPD Management Company.

52.    On May 2, 2005, a Motion for Child Support was filed in Josephine T.

Pena v. Larry W. Ewers, Case #199606146 in the 311th District Court (Family), Case

Type – Paternity, in Harris County District Court, Texas.

53.    The case concluded on October 15, 1997 by order of the court and entered

an agreed judgment in favor of the Plaintiff. (Attached Exhibits "12" and "13", checks

issued by EPD and signed by Ewers to Josephine T. Pena:

> 1.    Check No. 5092 dated 4/4/03 in the amount of $2,5000

15

2.    Check No. 3139 dated 6/2/05 in the amount of $2,7000

B.    The above facts provide this court proof that Ewers' allegation

related to the above in his Motion for Sanctions are false.

54.    The Bank of America records for this period show the following:

    54.1    EPD does not have any assets,

    54.2    Ewers did not invest any of his own money in EPD, and

    54.3    EPD did not engage in any business activities that generated
    income.

    54.4    EPD did not file any Federal tax returns for the period covered by
    the report under Federal Tax I.D. #760-589859.

Date: August 1, 2005
      Woodland Hills, CA 91364

Alexander Pladott

State of California    )
                   ) ss.
County of Los Angeles  )

Subscribed and sworn to (or affirmed) before me on this 1st day of August 2005 by Alexander Pladott, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

S. Stone
Notary Public

S. STONE
Commission # 1556880
Notary Public - California
Los Angeles County
My Comm. Expires Mar 5, 2009

Title of Document: Affidavit of Alexander Pladott
Document Date: August 1, 2005   Number of Pages: 16

16

# EXHIBIT "1"

# 8

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LARRY EWERS,<br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER PATRICK HERON,<br>CORPORATION OF THE BANKHOUSE, INC.,<br>SOCIETE BANKHOUSE, and<br>JAMES F. POMEROY, II,<br>Defendants. | )<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 04- 10024-RWZ<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S VERIFIED MOTION FOR ENTRY OF DEFAULT
## AGAINST DEFENDANT CHRISTOPHER PATRICK HERON

Pursuant to Fed. R. Civ. P. 55(a), plaintiff Larry Ewers moves for the entry of default

against defendant Christopher Patrick Heron ("Heron"), for failure to respond to the Complaint.

In support of this Motion, plaintiff states the following:

1. The Complaint in this case was filed on January 5, 2004.

2. Process was served on Heron on April 7, 2004, pursuant to Article 5(b) and 6 of The

Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or

Commercial Matters.

3. Service of the Complaint was effected on Heron at his residence, 21 Dale House,

Boundary Road, London, United Kingdom, by delivery in hand on Heron, who, according to the

Process Server's Certificate of Service, "accepted it voluntarily" on April 7, 2004.

4. Proof of Service was filed in this Court on April 20, 2004, including the originals of:

    (A)   Certificate of Service, stamped by the Central London County Court;

    (B)   Certificate of Compliance with the Hague Convention, sworn before John
           Leonard, Solicitor.

5-11-2004

True copies of these documents are attached as Exhibits A and B, respectively.

5. Heron's response to the Complaint was due on April 27, 2004.

6. As of the date of this motion, no response to the Complaint has been served on the

plaintiff or reported as filed with the Court.

WHEREFORE, plaintiff Larry Ewers requests that a default be entered against defendant

Christopher Patrick Heron.

LARRY EWERS

By his attorneys,

Alan M. Spiro (BBO No. 475650)
Christopher P. Silva (BBO No. 45191)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 439-4444

## VERIFICATION

I, Alan M. Spiro, attorney for the plaintiff Larry Ewers, hereby certify that the foregoing
statements are true to the best of my knowledge, information and belief.

Signed under the penalties of perjury this 11th day of May, 2004.

Alan M. Spiro (BBO No. 475650)

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2004, I served a true copy of the above document upon
the defendant Christopher Patrick Heron by first class mail addressed to his residence at 21 Dale
House, Boundary Road, London, NW8, United Kingdom.

Alan M. Spiro (BBO No. 475650)

- 2 -

# EXHIBIT A

| Claim No. | 02-10532 RWZ. |
| Claimant | LARRY ENER. |
| Defendant | CHRISTOPHER. PATRICK MERON. |

On the ........7ᵗʰ APRIL 2004...............................................................(insert date)

the ......................................................................................................... (insert title or description of documents served)

a copy of which is attached to this notice was served on (insert name of person served, including position i.e. partner, director if appropriate)

.....................................................................................................................................................

Tick as appropriate

☐ by first class post                    ☐ by Document Exchange

☐ by delivering to or leaving            ☐ by handing it to or leaving it with

☐ by fax machine (.................time sent)    [                    ]
(you may want to enclose a copy of the
transmission sheet)
                                         ☐ by e-mail

☑ by other means (please specify)    BY HAND

at (insert address where service effected,    2) DALE HOUSE
include fax or DX number or e-mail address)    BOUNDARY ROAD.
                                               LONDON
                                               ENGLAND.

being the defendant's:

☑ residence                ☐ registered office

☐ place of business        ☐ other (please specify) ...........................................

The date of service is therefore deemed to be 7ᵗʰ APRIL 2004 ......... (insert date - see over for guidance)

I confirm that at the time of signing this Certificate the document has not been returned to me as undelivered.

Signed ...............................................    Position or .............................................
(Claimant)(Defendant)('s solicitor)('s litigation friend)    office held
                                                             (if signing on behalf
Date ....7ᵗʰ APRIL 2004...............                        of firm or company)

# EXHIBIT B

## CERTIFICATE

The undersigned authority has the honour to certify, in conformity with Article 6 of the Hague Convention

That the document hereby described: Civil Court Action 02-10523-RWZ District of Massachusetts Plaintiff Larry Ewers vs Defendant Christopher Patrick Heron

was served on:          April 07, 2004 08.18
    (Date)

to:          Christopher Patrick Heron
                     (Name)

at:          21 Dale House, Boundary Road,
                     London, NW8
    (Place)
                     (Address)

by the follow method authorized by Article 5: By personal delivery to Christopher Patrick Heron at the above address who accepted it voluntarily. The document referred to above was delivered and served to Christopher Patrick Heron, whom the Server knew previously, at his residence at the above the address.

Attached is the document establishing the service.
Description of the document:     Certificate of Service

_____          15/04/04
(Name and Title)                 (Place at Date)

JOHN LEONARD   (SOLICITORS)

STAMP or Seal

FINERS STEPHENS INNOCENT
Solicitors
179 Great Portland Street
London W1N 6LS

# EXHIBIT "2"

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Larry Ewers
_____
**Plaintiff**

**CIVIL ACTION**

NO. _04-cv-10024-RWZ_

V.

Christopher Patrick Heron et al
**Defendant**

## NOTICE OF DEFAULT

Upon application of the Plaintiff, _Larry Ewers_ _____ for
an order of Default for failure of the Defendant, _Christopher Patrick Heron_
_____, to plead or otherwise defend as provided by Rule 55(a) of the
Federal Rules of Civil Procedure, notice is hereby given that the Defendant has
been defaulted this _4th_ day of _June_ _, 16 2004_.

**TONY ANASTAS**
**CLERK OF COURT**

By: _Jay Jackma_
**Deputy Clerk**

Notice mailed to:

(Default Notice.wpd - 12/98)

[ntcdflt.]

# EXHIBIT "3"

No. **2003-33307**

| E.P.D. MANAGEMENT COMPANY, L.L.C. & LARRY EWERS | : | **IN THE DISTRICT COURT OF** |
|---|---|---|
| | : | |
| | : | **HARRIS COUNTY, TEXAS** |
| vs. | : | |
| | : | |
| | : | **151ST JUDICIAL DISTRICT** |

**HOWARD EUGENE LINER**

## FIRST AMENDED NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Plaintiff by and through their attorney(s) of record: **Charles A. Sharman**
To other party/parties by and through their attorney(s) of record:

You will please take notice that twenty (24) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for:

**Bank Of America (Financial)**
    **5348 Westheimer Houston, TX 77056**

before a Notary Public for    **Datascope Litigation Support Services (713) 688-9300 Fax (713) 688-9305**
                              **6815 Northampton Way , Houston, TX 77055**

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 200, Texas Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness **to produce any and all records as described on the attached questions and/or Exhibit(s), in the possession, custody or control of the said witness regarding:**

**EPD Management Company, L.L.C.**

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

You are further notified that in accordance with Texas Rules of Civil Procedure 200.3(b) any objections to the questions tendered herewith must be served upon the undersigned counsel within ten (10) days after this Notice is served. You may, at that time, object to the direct question and serve cross-questions upon the witness.

You are further notified that the deposition officer must: take the deposition on written questions at the time and place designated; record the testimony of the witness in response to the questions; and prepare, certify, and deliver the deposition transcript in accordance with Texas Rules of Civil Procedures 203.

You are further notified that the notice is served pursuant to Texas Finance Code, Title 3 Subtitle A Chapter 50 Subchapter A §59.006 to which **Defendant** requests your compliance.

**You are additionally notified that this notice only pertains to the customers of Bank of America that are parties to this lawsuit.**

Further pursuant to §59.006 of the Texas Finance Code, which states in part that a financial institution shall produce a record in response to a records request only if:

(1) it is served with the records request not later that the 24th day before the date the compliance with the record request is required.

(2) before the financial institution complies with the record request the requesting party pays the financial institutions' reasonable cost of complying with the record request, including cost of reproduction, postage, research, delivery, and attorney's fees, or posts a cost bond in an amount estimated by the financial institution to cover those costs.

**Defendant** request notification from deponent of all charges incurred and prompt payment will be tendered for the same.

Kevin Michaels

**By Permission**

**Kevin R. Michaels**
**Law Offices of Kevin R. Michaels PC**
**11767 Katy Freeway Suite 730**
**Houston, TX 77079**
**(281) 496-9889  Fax (281) 496-4211**
Attorney for Defendant
SBA # 00784598

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, FAX, and/or certified mail, return receipt requested, on this day.

Dated: April 19, 2005

by_____

**Datascope Litigation Support Services**

Order No. **01-5814-001**

# EXHIBIT "4"

## DEPOSITION SUBPOENA TO TESTIFY OR PRODUCE DOCUMENTS OR THINGS

## THE STATE OF TEXAS

To any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under RULE 176 OF TEXAS RULES OF CIVIL PROCEDURE. - GREETINGS -

You are hereby commanded to subpoena and summon the following witness(es):
Custodian of Records for:

**Bank Of America**
**5348 Westheimer**
**Houston, TX 77056 (713) 993-1620**

to be and appear before a Notary Public of my designation for

**Datascope Litigation Support Services (713) 688-9300**
**6815 Northampton Way , Houston, TX 77055**

or its designated agent, on the forthwith ___20___ day of ___May___ , ___05___ at the office of the custodian and there under oath to make answers of certain written questions to be propounded to the witness and to bring and produce for inspection and photocopying

**Any and all records, files, papers, reports, statements, copies of checks, signature cards, loans, wire transfers, records reflecting any deposits made, records reflecting any lines of credit, pertaining to E.P.D. Management Company, L.L.C., Account Number: 005778446713, from October 18, 1998 to the present, including any and all documents authorizing E.P.D. Management Company to open this account.**

and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:        **EPD Management Company, L.L.C.**

**Social Security Number:    Date of Birth:**

at any and all times whatsoever, then and there to give evidence at the instance of the **Defendant**, **Howard Eugene Liner**, represented by **Kevin R. Michaels**, Attorney of Record, in that Certain Cause No. **2003-33307**, pending on the docket of the **District Court of the 151st Judicial District of HARRIS County,**, Texas.
This Subpoena is issued under and by virtue of Rule 200 and Notice of Deposition Upon Written Questions on file with the above named court, styled

**E.P.D. MANAGEMENT COMPANY, L.L.C. & LARRY EWERS**


vs.


**HOWARD EUGENE LINER**

and there remain from day to day and time to time until discharged according to law.

**WITNESS MY HAND,** this ___22___ day of ___May___, ___05___.

SHARON J. PETERS
Notary Public, State of Texas
My Commission Expires
March 22, 2009

NOTARY PUBLIC

**176.8 Enforcement of Subpoena. (a)** *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

**OFFICER'S RETURN**

Came to hand this ___25___ day of ___April___, 20 ___05___, and executed this the ___25___ day of ___April___, 20___05___, in the following manner: By delivering to the witness ___Vickey Carer___, a true copy hereof.

Returned this ___25___ day of ___April___, 20 ___05___.

PROCESS SERVER

Order No. **01-5814-001**

# EXHIBIT "5"

STYLE OF
CASE :  **E.P.D. MANAGEMENT COMPANY, L.L.C. & LARRY EWERS**

 vs.

 **HOWARD EUGENE LINER**

CASE NO. :  **2003-33307**

PERTAIN TO :  **EPD Management Company, L.L.C.**

FROM :  **Bank Of America**     **Vol. 1 of 5**
 **Financial**

DELIVER TO :  **Alexander Pladott**
 20000 **Winnetka Place**
 **Woodland Hills, CA 91364**

**IN THE DISTRICT COURT OF**

**HARRIS COUNTY, TEXAS**

**151ST JUDICIAL DISTRICT**

Order No. **01-5814-001**

# EXHIBIT "6"

10/27/98 TUE 16:18 FAX 713 780 7703
OCT-19-98 MON 01:04 PM  LAWYERS AID SERVICE   B M W H & J, L.L.P.   FAX NO. 512 414 4528        F. 03 @006



# ARTICLES OF ORGANIZATION
## OF
### E.P.D. MANAGEMENT COMPANY, L.L.C.

FILED
In the Office of the
Secretary of State of Texas

OCT 16 1998

Corporations Section

## ARTICLE ONE

The name of the limited liability company is E.P.D. MANAGEMENT COMPANY, L.L.C.

## ARTICLE TWO

The period of its duration is perpetual.

## ARTICLE THREE

The purpose for which the Company is organized is the transaction of any and all lawful business for which a limited liability company may be organized under the Texas Limited Liability Company Act.

## ARTICLE FOUR

The street address of its initial Registered Office, and the name of its initial Registered Agent at this address, is as follows:

Don Butler
12230 Southwest Freeway
Stafford, Texas 77477

---

ARTICLES OF ORGANIZATION OF
E.P.D. MANAGEMENT COMPANY, L.L.C., PAGE 1

10/27/98  TUE 16:18 FAX 713 789 7703
OCT-18-98 MON 01:04 PM   LAWYERS AID SERVICE  B N W H & I, L.L.P.  FAX NO. 512 919 4325    P. 04  @007

## ARTICLE FIVE

The company is to be managed by a manager. The name and address of the initial Manager, who is to serve until the first annual meeting of members or until his successor is duly elected, is:

> Don Butler
> 12230 Southwest Freeway
> Stafford, Texas 77477

## ARTICLE SIX

The name and address of the Organizer is:

> Marilyn S. Hershman
> 408 W. 17th Street, Suite 101
> Austin, Texas 78701-1207
> (512) 474-2002

IN WITNESS WHEREOF: I have hereunto set my hand this 16th day of October, 1998.

_Marilyn S. Hershman_
Marilyn S. Hershman, Organizer

ARTICLES OF ORGANIZATION OF
H.P.D. MANAGEMENT COMPANY, L.L.C., PAGE 2

0005

# EXHIBIT "7"

10/27/98  TUE 16:18 FAX 713 789 7703      B M W H & J  L.L.P.
OCT-19-98 MON 01:03 PM   LAWYERS AID SERVICE      FAX NO. 512 919 9529        F. UC  @005

JR -LLC



# The State of Texas
## Secretary of State



CERTIFICATE OF ORGANIZATION

OF

E.P.O. MANAGEMENT COMPANY, L.L.C.

FILING NUMBER    07042650

THE UNDERSIGNED, AS SECRETARY OF STATE OF THE STATE OF TEXAS,
HEREBY CERTIFIES THAT THE ATTACHED ARTICLES OF ORGANIZATION FOR THE
ABOVE NAMED COMPANY HAVE BEEN RECEIVED IN THIS OFFICE AND HAVE BEEN
FOUND TO CONFORM TO LAW.

ACCORDINGLY, THE UNDERSIGNED, AS SECRETARY OF STATE, AND BY VIRTUE
OF THE AUTHORITY VESTED IN THE SECRETARY BY LAW, HEREBY ISSUES THIS
CERTIFICATE OF ORGANIZATION.

ISSUANCE OF THIS CERTIFICATE OF ORGANIZATION DOES NOT AUTHORIZE
THE USE OF A COMPANY NAME IN THIS STATE IN VIOLATION OF THE RIGHTS OF
ANOTHER ENTITY UNDER THE FEDERAL TRADEMARK ACT OF 1946, THE TEXAS TRADEMARK
LAW, THE ASSUMED BUSINESS OR PROFESSIONAL NAME ACT, OR THE COMMON LAW.

DATED OCT. 16, 1998
EFFECTIVE OCT. 16, 1998

Alberto R. Gonzales, Secretary of State

0003

# EXHIBIT "8"

WAVIER OF NOTICE OF THE SPECIAL MEETING OF SOLE MEMBER
OF
E.P.D. MANAGEMENT CO., L.L.C.

I, the undersigned sole Member of E.P.D. MANAGEMENT CO., L.L.C.
(the "Company"), hereby agree and consent that the special meeting of the sole
Member of the Company be held on the date and at the time and place stated
below for the purpose of discussing and approving the appointment of a new
Manager, Larry Ewers, as well as to approve the transaction with Buckley-
Mathews thereafter and of all such other business as may lawfully come before
said meeting, and hereby waive all notice of the meeting and any adjournment
thereof.

Date of meeting:              April 23, 1999

Time of meeting:              2:00 pm CDT

Place of meeting:             2301 -D Nantucket
                              Houston, Texas   77057

Dated:        April 23, 1999

"Manager"                                     "Sole Manager"
E.P.D. MANAGEMENT CO., L.L.C.                 Larry Ewers

_____

_____              By: _____
Janice Ewers, Secretary                       Title: Manager

                                              Typed Name: Larry Ewers

## MINUTES OF SPECIAL MEETING OF THE SOLE MEMBER
### OF
### E.P.D. MANAGEMENT CO. L.L.C.

A special meeting of the sole Member of E.P.D. MANAGEMENT CO., L.L.C. (the "Company") was held at the time, date, and place set forth below.

The sole Member being present, the meeting was called to order by the Chairman of the meeting for the Company. The Chairman advised the Company was interested in appointing a new Manager at the behest of the sole Member of E.P.D. MANAGEMENT CO., L.L.C., Larry Ewers. Upon motion duly made, seconded, and unanimously carried, it was

1)   RESOLVED, that the Manager of the Company is now Larry Ewers.

2)   RESOLVED, that the Manager of the Company is hereby authorized to take any and all action necessary to consummate the transaction contimpleted with Buckley-Mathews.

3)   RESOLVED, that the Manager of the Company is hereby further authorized to employ the necessary professional services, including, but not limited to legal and tax, to consummate this transaction.

There being no further business to come before the meeting, upon motion duly made, seconded, and unanimously carried, the meeting was adjourned.

Date of meeting:          April 23, 1999

Time of meeting:          2:00 pm CDT

Place of meeting:         2301-D Nantucket
                          Houston, Texas   77057


Dated:          April 23, 1999

"Manager"                                    "Sole Member"
E.P.D. MANAGEMENT CO., L.L.C.                Larry Ewers


_Larry Ewers_
Larry Ewers

                                    By: _Larry Ewers_
                                    Titled: _Manager_

                                    Typed Name:  Larry Ewers

_Janice Ewers_
Janice Ewers, Secretary

**Bank of America**

BANK OF AMERICA, N.A. (THE "BANK")

**Limited Liability Company
Signature Card**

| | |
|---|---|
| Account Number | 005778448713 |
| Account Type | SIMPLE ANALYSIS BUS CHKG |
| Account Title | E.P.D. MANAGEMENT COMPANY, L.L.C. |

☐ Temporary Signature Card

Name of Company  E.P.D. MANAGEMENT COMPANY, L.L.C.

Tax Identification Number  760583659

By signing below, the above named Association agrees that this account is and shall be governed by the terms and conditions set forth in the following documents, as amended from time to time: (1) the Deposit Agreement and Disclosures, (2) the Business Schedule of Fees, and (3) the Miscellaneous Fees for Business Accounts, and the Association further acknowledges the receipt of these documents.

**Substitute Form W-9.** Certification-Under penalties of perjury, I certify that: (1) The number shown on this form is the correct taxpayer identification number (or I am waiting for a number to be issued to me), and (2) I am not subject to backup withholding because (A) I am exempt from backup withholding, or (B) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (C) The IRS has notified me that I am no longer subject to backup withholding.

**Certification Instructions**
You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. (See also IRS instructions for Substitute Form W-9 in the Deposit Agreement and Disclosures).

> The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

**Name (typed or printed)**          **Signature**

1. Larry Ewers          _Larry Ewers_
2. Janice Ewers          _Janice Ewers_
3. _____
4. _____
5. _____

I, the undersigned, hereby certify (1) that I am a duly authorized member/manager of the Company named above, (2) that the above named person(s) are those persons currently empowered to act under the Company resolutions authorizing this account and the other banking services provided for therein, (3) that the specimen signature set forth opposite the name of each person is true and genuine, and (4) the Substitute Form W-9 certifications.

This  5  day of  October  2000 .          _Larry Ewers_
                                         Member/Manager

**ATM/Deposit/Check Card Request**

Provided that the account referenced above is eligible to receive automated teller machine cards and/or Check Cards, I (as authorized by the resolutions which authorize this account) hereby request the issuance of such cards to any of the authorized signers on this account.

_____          _____
Member/Manager          Member/Manager

**Bank Information**

| | | |
|---|---|---|
| Date | 10/05/2000 | Banking Center Name  GALLERIA HOUSTON |
| Associate's Phone Number  713-993-1627 | | Associate's Name  PAMELA D JENKINS |

98-14-9011M 8-1999   NTX

0009

# EXHIBIT "9"

Amount:          $2,500.00
Account:         31051879
Bank Number:     11300554

Sequence Number:  6230042141
Capture Date:     09/19/2001
Check Number:     3269



BUCKLEY, MATHEWS, WHITE &
HOWELL L.L.P.
IOLTA TRUST ACCOUNT
2401 FOUNTAIN VIEW, SUITE 1000
HOUSTON, TX 77057

STERLING BANK
P.O. BOX 40333
HOUSTON, TX 77240
88-554/1130

3269

9/19/01

PAY TO THE
ORDER OF    Larry Evers                                                    $ **2,500.00

Two Thousand Five Hundred and 00/100***************************************** DOLLARS

Larry Evers

SIGNATURES REQUIRED OVER $1,500.00

MEMO

⑈003269⑈ ⑆113005549⑆ ⑈031051879⑈        ⑈0000250000⑈

# EXHIBIT "10"

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

...count Reference Information
Account Number:0057 7844 6713
E 0  0 C Enclosures 15
Statement Period
04/01/02 through 04/30/02

E.P.D. MANAGEMENT COMPANY, L.L.C.
13726 SUNTAN AVE
CORPUS CHRISTI TX 78418-6051

Customer Service:
  Bank of America, N.A.
  P.O. Box 25118
  Tampa, FL 33622-5118
  Toll Free 1.888.BUSINESS(1.888.287.4637)

Page 1 of 4

------------------------------------------------------------------------------------
Simple Analysis Business Checking
------------------------------------------------------------------------------------

## Account Summary Information

| Statement Period | 04/01/02 through 04/30/02 | Statement Beginning Balance | 11,071.43 |
| Number of Deposits/Credits | 3 | Amount of Deposits/Credits | 8,500.00 |
| Number of Withdrawals/Debits | 37 | Amount of Withdrawals/Debits | 5,454.49 |
| | | Statement Ending Balance | 14,116.94 |
| Number of Enclosures | 15 | Average Ledger Balance | 10,788.26 |
| Number of Days in Cycle | 30 | Service Charge | 39.45 |

## Deposits and Credits

| Date Posted | Amount | Description | Bank Reference |
|---|---|---|---|
| 04/10 | 1,500.00 | Wire Type:Wire IN Date: 041002 Time:1038 Ct Trn:020410014342 Fdref/Seq:020410002068/000511 Orig:Larry Marchman ID:0001589577756 Snd Bk:Bank O Ne,N.A.1717 Main Street ID:111000614 | 903704100014342 |
| 04/26 | 5,000.00 | Wire Type:Wire IN Date: 042602 Time:1115 Ct Trn:020426025912 Fdref/Seq:020426000183/000077 Orig:Buckley Mathews White & H ID:0031061933 Snd Bk:Sterling Bank ID:113005549 | 903704260025912 |
| 04/26 | 2,000.00 | Wire Type:Wire IN Date: 042602 Time:1134 Ct Trn:020426026401 Fdref/Seq:020426003781/000961 Orig:Lawrence Marchman ID:0001589577756 Snd Bk:Ban K One,N.A.1717 Main Street ID:111000614 | 903704260026401 |

0049

# EXHIBIT "11"

Amount:          $2,500.00
Account:         49980
Bank Number:     11301125

Sequence Number:   4730177758
Capture Date:      05/17/2002
Check Number:      3468



**MARK A. MATHEWS, P.C.**
OPERATING ACCOUNT
2401 FOUNTAINVIEW, SUITE 1000
HOUSTON, TEXAS 77057

SOUTHWEST BANK OF TEXAS, NA
P.O. BOX 27459
HOUSTON, TEXAS 77227-7459
35-1125/1130

3468

5/15/2002

PAY TO THE ORDER OF ___ E.P.D. Management Company, L.L.C. ___    $ **2,500.00

Two Thousand Five Hundred and 00/100********************************************** DOLLARS

E.P.D. Management Company, L.L.C.
13726 Sun tan
Corpus Christi, Texas 78418

MEMO_____

⑆003468⑆ ⑈113011258⑈ ⑆004 998 0⑆                    ⑈0000 250000⑈

# EXHIBIT "12"





Capture Date: 20030407 Sequence #: 6230261420

1199

# EXHIBIT "13"



**E.P.D. MANAGEMENT COMPANY, L.L.C.**
13728 SUNTAN
CORPUS CHRISTI, TX 78418
PH 361-949-8258

10-00

3139

38-2/1130 TX
1331

Date 6 - 2 - 05

Pay to the
order of  Josephine T Peña                    | $ 2700 00/100

Twenty-seven hundred                        Dollars

**Bank of America.**

ACH R/T 111900025

For _____    Larry Ewen

⑈113000023⑈ 005778446713⑈ 3139 ⑈0000270000⑈

Capture Date: 20030603 Sequence #: 6230690506

1243