UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER PLADOTT,<br><br>   Plaintiff<br><br>v.<br><br>LARRY EWERS,<br>JOHN DOES 1 – 5<br>JOHN DOES 6 – 10,<br><br>   Defendants. | CIVIL ACTION<br>NO. 05-10356-RWZ |

### PLAINTIFF'S MOTION TO PRECLUDE ENTRY OF JUDGMENT IN C.A. NO. 04-10024-RWZ BASED ON MISREPRESENTATION BY DEFENDANT LARRY EWERS

The Plaintiff, Alexander Pladott ("Pladott"), hereby requests this Court to preclude the entry, at this time, of a default judgment in the related case of Ewers v. Heron, et al., C.A. No. 04-10024-RWZ. Pladott's request is based on the fact that the Defendant, Larry Ewers ("Ewers"), obtained an entry of default by misrepresenting to this Court that he had caused the Complaint and Summons issued in C.A. No. 04-10024-RWZ to be served on the Defendant in that case, Christopher Patrick Heron ("Heron"), when in fact, he caused a document from another case, C.A. No. 02-10532-RWZ, *and only that document*, to be served on Heron. In addition, Ewers has represented to this Court that the service was made "by a solicitor" in the United Kingdom in accordance with the Article 5(b) and 6 of the Hague Convention, when in fact, it was done informally by a private investigator.

Pladott is requesting this Court to preclude the entry of the Judgment in C.A. No. 04-10024-RWZ because he believes that (1) Ewers intends to utilize the default Judgment to collect $1.6 billion of Heron's frozen assets in two unknown jurisdictions; (2) Ewers had agreed, on behalf of his principal, Howard Eugene Liner, to share any recovery that he realizes from Heron with certain creditors that Pladott represents, but now refuses to do so; and (3) if Ewers obtains the default judgment and manages to free up Heron's frozen assets, he will secrete or waste them and a lawsuit against him by Pladott will be to no avail.

In further support of this Motion, Pladott states the following:

1. On or about May 11, 2004, Ewers filed a "Verified Motion for Entry of Default Against Defendant Christopher Patrick Heron" in C.A. No. 04-10024-RWZ" in which he stated that "process was served on Heron on April 7, 2004". A copy of Ewers' Motion and supporting Exhibits are annexed hereto.

2. Ewers annexed two Certificates of Service to support his claim regarding the service on Heron. One of these Certificates was signed by a Richard Cox who is employed by the Specialist PI Limited, a private investigation company in the United Kingdom.

3. The document which Mr. Cox served on Heron by provided to him by Mark Parfitt ("Parfitt"), who is the principal of Specialist PI Limited. Affidavit of Mark Parfitt, hereinafter, "Parfitt Aff.", submitted herewith, ¶ 6.

4. Parfitt received the document from Ewers who shipped it to Parfitt by FEDEX from Texas. Affidavit of Alexander Pladott, hereinafter, "Pladott Aff.", submitted herewith, ¶ 17. The document which Ewers shipped to Parfitt was a single

copy of a document from another lawsuit involving Heron, C.A. No. 02-10532-RWZ, and *not* from C.A. No. 04-10024-RWZ. In addition, there was *no* Summons included in the package which Ewers sent to Parfitt. Parfitt Aff., ¶ 4.

5. The fact that Cox did not serve the Complaint and Summons from C.A. No. 04-10024-RWZ is also evident from the fact that Cox's Certificate of Service *references* C.A. No. 02-10532-RWZ and not 04-10024-RWZ. Also conspicuous by its absence in Cox's Certificate is any reference to the title of the document that was actually served on Heron.

6. In the past, Ewers has asserted that the reference to 02-10532-RWZ in Cox's Certificate is a "clerical error" and that the requisite documents were served on Heron. Opposition of Larry Ewers to Motion Dismiss for Lack of Jurisdiction and Motion to Vacate Default filed by Christopher Patrick Heron, p. 13 [No. 04-10024-RWZ, Docket Entry # 48, filed 12/15/04].

7. As is evident from the Affidavit of Mark Parfitt, there was *no* "clerical error," and Heron was *never* served with the Complaint and Summons in 04-10024-RWZ as is required by Fed.R.Civ.P. 4(c)(1).

8. Pladott believes that Ewers purposely served Heron with a document from C.A. No. 02-10532-RWZ, most likely, the Motion to Intervene filed by Ewers in that case, for the purpose of confusing Heron and misleading him so that he would not respond to the Complaint in C.A. No. 04-10024-RWZ and consequently would be in default. Pladott Aff., ¶ 18.

9. It should also be noted that Heron filed a Motion to Dismiss and to Vacate the Default in 04-10024-RWZ in which he stated that "there has never been adequate service of process" on him.

10. Finally, Ewers has also stated to this Court that the service on Heron was done by "a solicitor in conformity with the Hague Convention". <u>Opposition of Larry Ewers to Motion Dismiss for Lack of Jurisdiction and Motion to Vacate Default filed by Christopher Patrick Heron</u>, p. 13 [No. 04-10024-RWZ, Docket Entry # 48, filed 12/15/04].

11. This, too, is not an accurate statement, since the service of process was actually done by a private investigator, not a solicitor. The Solicitor, John Leonard, signed a Certificate stating that service was "in conformity with Article 6 of the Hague Convention" at the request of the private investigator and Ewers. <u>Parfitt Aff.</u>, ¶¶ 9, 10. Leonard's Certificate also references the service of a document from 02-10532-RWZ and not 04-10024-RWZ.

                          ALEXANDER PLADOTT

                          By his Attorney,

                          /s/ Isaac H. Peres
                          Isaac H. Peres, BBO #545149
                          50 Congress Street
                          Boston, MA 02109
                          (617) 722-0094

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2005, I served a copy of this Motion, by first class mail, upon Alan Spiro, Edwards & Angell, LLP, 101 Federal Street, Boston, MA 02110.

_____
Isaac H. Peres

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LARRY EWERS,<br>　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER PATRICK HERON,<br>CORPORATION OF THE BANKHOUSE, INC.,<br>SOCIETE BANKHOUSE, and<br>JAMES F. POMEROY, II,<br>　　Defendants. | CIVIL ACTION<br>NO. 04-10024-RWZ |

**PLAINTIFF'S VERIFIED MOTION FOR ENTRY OF DEFAULT
AGAINST DEFENDANT CHRISTOPHER PATRICK HERON**

Pursuant to Fed. R. Civ. P. 55(a), plaintiff Larry Ewers moves for the entry of default against defendant Christopher Patrick Heron ("Heron"), for failure to respond to the Complaint. In support of this Motion, plaintiff states the following:

1. The Complaint in this case was filed on January 5, 2004.

2. Process was served on Heron on April 7, 2004, pursuant to Article 5(b) and 6 of The Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters.

3. Service of the Complaint was effected on Heron at his residence, 21 Dale House, Boundary Road, London, United Kingdom, by delivery in hand on Heron, who, according to the Process Server's Certificate of Service, "accepted it voluntarily" on April 7, 2004.

4. Proof of Service was filed in this Court on April 20, 2004, including the originals of:

　　(A)　Certificate of Service, stamped by the Central London County Court;

　　(B)　Certificate of Compliance with the Hague Convention, sworn before John Leonard, Solicitor.

True copies of these documents are attached as Exhibits A and B, respectively.

5. Heron's response to the Complaint was due on April 27, 2004.

6. As of the date of this motion, no response to the Complaint has been served on the plaintiff or reported as filed with the Court.

WHEREFORE, plaintiff Larry Ewers requests that a default be entered against defendant Christopher Patrick Heron.

LARRY EWERS

By his attorneys,

Alan M. Spiro  (BBO No. 475650)
Christopher P. Silva (BBO No. 45191)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, Massachusetts  02110
(617) 439-4444

### VERIFICATION

I, Alan M. Spiro, attorney for the plaintiff Larry Ewers, hereby certify that the foregoing statements are true to the best of my knowledge, information and belief.

Signed under the penalties of perjury this 11th day of May, 2004.

Alan M. Spiro  (BBO No. 475650)

### CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2004, I served a true copy of the above document upon the defendant Christopher Patrick Heron by first class mail addressed to his residence at 21 Dale House, Boundary Road, London, NW8, United Kingdom.

Alan M. Spiro (BBO No. 475650)

# EXHIBIT A

| Claim No. | 02-10532 RWZ |
|---|---|
| Claimant | LARRY EWERS |
| Defendant | CHRISTOPHER PATRICK HERON |

*[Stamp: A/C NO. 24206 · 07 APR 2004]*

On the ......7th APRIL 2004................................(insert date)

the ..........................................................(insert title or description of documents served)

a copy of which is attached to this notice was served on (insert name of person served, including position i.e. partner, director if appropriate)

..........................................................

Tick as appropriate

☐ by first class post                    ☐ by Document Exchange

☐ by delivering to or leaving            ☐ by handing it to or leaving it with

☐ by fax machine (................time sent)
(you may want to enclose a copy of the
transmission sheet)

                                         ☐ by e-mail

☑ by other means (please specify)  | BY HAND |

at (insert address where service effected, include fax or DX number or e-mail address)

| 21 DALE HOUSE |
| BOUNDARY ROAD |
| LONDON |
| ENGLAND |

being the defendant's:

☑ residence                    ☐ registered office

☐ place of business            ☐ other (please specify) ..........................

The date of service is therefore deemed to be ...7th APRIL 2004..... (insert date - see over for guidance)

I confirm that at the time of signing this Certificate the document has not been returned to me as undelivered.

Signed ..........................................
(Claimant)(Defendant)('s solicitor)('s litigation friend)

Position or ..........................................
office held
(if signing on behalf
of firm or company)

Date ......7th APRIL 2004

# EXHIBIT B

# CERTIFICATE

The undersigned authority has the honour to certify, in conformity with Article 6 of the Hague Convention

That the document hereby described: Civil Court Action 02-10523-RWZ District of Massachusetts Plaintiff Larry Ewers vs Defendant Christopher Patrick Heron

was served on:      April 07, 2004 08.18
(Date)

to:      Christopher Patrick Heron
(Name)

at:      21 Dale House, Boundary Road, London, NW8
(Place)      (Address)

by the follow method authorized by Article 5: By personal delivery to Christopher Patrick Heron at the above address who accepted it voluntarily. The document referred to above was delivered and served to Christopher Patrick Heron, whom the Server knew previously, at his residence at the above the address.

Attached is the document establishing the service.
Description of the document:  Certificate of Service

_____      15/04/04
(Name and Title)      (Place at Date)

JOHN LEONARD (SOLICITOR)

STAMP or Seal

FINERS STEPHENS INNOCENT
Solicitors
179 Great Portland Street
London W1N 6LS