UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 OCT 31  A 9: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

ALEXANDER PLADOTT, )
)
Plaintiff )
)
v. )
) CIVIL ACTION
) NO. 05-10356-RWZ
LARRY EWERS, )
JOHN DOES 1 – 5 )
JOHN DOES 6 – 10, )
)
Defendants. )
)

### PLAINTIFF'S REPLY TO THE OPPOSITION OF LARRY EWERS TO MOTION TO PRECLUDE ENTRY OF JUDGMENT IN C.A. NO. 04-10024-RWZ

The Plaintiff, Alexander Pladott ("Pladott"), hereby submits this Reply to the Opposition of the Defendant, Larry Ewers ("Ewers"), to the Plaintiff's Motion to Preclude the Entry of a Judgment in C.A. No. 04-10024-RWZ. As will be demonstrated below, the materials which Ewers has submitted to this Court in support of his Opposition actually confirm that he made material misrepresentations to this Court in the process of obtaining a default in C.A. No. 04-10024-RWZ.

**I.   THE COVER LETTER WHICH EWERS SENT TO PARFITT CONFIRMS THAT EWERS NEVER SERVED THE COMPLAINT AND SUMMONS FROM C.A. NO. 04-10024-RWZ ON HERON IN APRIL, 2004 AS HE FALSELY REPRESENTED TO THIS COURT.**

One of the critical factual issues raised by the Motion to Preclude Entry of Judgment of the Plaintiff, Alexander Pladott ("Pladott"), is whether the Defendant, Larry Ewers ("Ewers"), caused a copy of the Complaint and Summons issued in Ewers v.

Heron, C.A. No. 04-10024-RWZ to be served on the Defendant in that case, Christopher Patrick Heron ("Heron") in compliance with Fed.R.Civ.P. 4(c)(1).

Ewers represented to this Court, through his attorney, in two documents filed in C.A. No. 04-10024-RWZ ("Plaintiff's Verified Motion for Entry of Default Against Defendant Christopher Patrick Heron" and "Affidavit of Alan M. Spiro" in support of same), that a copy of the Complaint and Summons in C.A. No. 04-10024-RWZ were, in fact, served upon Heron. Pladott has submitted an Affidavit from Mark Parfitt ("Parfitt"), a private investigator in England who was responsible for the service on Heron, which states, clearly and unequivocally, that the Complaint and Summons in C.A. No. 04-10024-RWZ were never served on Heron. The Parfitt Affidavit constitutes clear and convincing evidence that Ewers obtained a default against Heron in C.A. No. 04-10024-RWZ by misrepresenting the facts to this Court.

Ironically, Ewers' own Affidavit in support of his Opposition to the Plaintiff's Motion to Preclude Entry of Judgment in C.A. No. 04-10024-RWZ confirms that he made a deliberate misrepresentation to the Court in an effort to obtain a default judgment against Heron. As Parfitt states in his Affidavit, the *only* document which Ewers forwarded to him to serve on Heron was a "a copy of a document related to United States District Court, District of Massachusetts, C.A. No. 02-10532-RWZ. There was no summons in the package, nor were there any documents from any other lawsuit in the package." Affidavit of Mark Parfitt, ¶ 4. In his Affidavit, Ewers states that "[o]n March 30, 2004, I sent Parfitt, via express mail, documents related to the Ewers litigation [C.A. No. 04-10024-RWZ] to be served on Heron at the 21 Dale House Address. A true copy of the cover letter enclosing those documents is attached hereto as Exhibit C". Affidavit

of Larry Ewers, hereinafter, "Ewers Aff.", ¶ 10. In the cover letter from Ewers to Parfitt there is not a single, explicit reference to C.A. No. 04-10024-RWZ – indeed, no case name or docket number is referenced in the letter. Moreover, the letter states "Sir: Please find attach [sic] *one* original copy for service of [sic] Christopher Patrick Heron. Included is one photocopy." (emphasis added). Ewers Aff., Ex. "C".

The foregoing language is significant because (1) it implies that Ewers sent a *single* document (and not a Complaint and Summons C.A. No. 04-10024-RWZ) to Parfitt, and (2) it fails to identify the specific document which was sent to Parfitt. Thus, Ewers' cover letter is consistent with Parfitt's testimony that Ewers sent him a single document related to C.A. No. 02-10532-RWZ to serve upon Heron. Indeed, the document which Ewers sent for service on Heron ***must have emanated from C.A. No. 02-10532-RWZ*** because Parfitt would have had no way of knowing of the existence of C.A. No. 02-10532-RWZ had the document which Ewers sent to Parfitt not contained the docket number from C.A. No. 02-10532-RWZ. In other words, Ewers' own correspondence confirms that he never caused the Complaint and Summons from C.A. No. 04-10024-RWZ to be served on Heron, and that Ewers continues to make the same misrepresentation to this Court in this case.

Moreover, as was noted in the Pladott's Motion to Preclude, the two Certificates of Service which Ewers' attorney filed with this Court in C.A. No. 04-10024-RWZ mention *only* C.A. No. 02-10532-RWZ and neither specifies what document was actually served on Heron. These Certificates of Service are, therefore, deficient on their face. Apparently, the Clerk's Office overlooked these irregularities and entered a default against Heron, and one can only assume that it did so on the strength of the

3

representations made in the documents submitted by Ewers' attorney, Alan M. Spiro ("Plaintiff's Verified Motion for Entry of Default Against Defendant Christopher Patrick Heron" and "Affidavit of Alan M. Spiro"). Attorney Spiro, for his part, has taken the following position:

> [B]elieving the claim number listed on those certificates completed by Parfitt or Parfitt's employee to be a clerical error, counsel for Ewers submitted them in good faith as proof of service on Heron of the Complaint and Summons in the Ewers Case. A copy of the proof of service submitted to the Court is attached as Exh. F. **Most importantly**, the Complaint sent by Parfitt to Ewers and forwarded for submission was the Complaint instituting the Ewers case. See Exh. F; Ewers Aff., ¶ 13.

Ewers' Opposition, p. 9 (emphasis in original).

There does not, however, appear to be any credible proof for Ewers' assertion that Parfitt sent back a copy of the document which Richard Cox served on Heron, let alone that said document was the Complaint from C.A. 04-10024-RWZ. To prove his assertion, Ewers refers in his Affidavit to an e-mail from Parfitt dated April 16, 2004 which states that Parfitt had sent to Ewers, via UPS, the "copy of papers, with appropriate certificate of service and certificate of compliance with Hague Convention." A true copy of this e-mail is supposed to be attached to Ewers' Affidavit as Exhibit "D". When one examines Exhibit "D" it is an e-mail from Parfitt to Pladott dated March 29, 2003, and *not* an e-mail from Parfitt to Ewers.

Moreover, although a copy of the Complaint from C.A. 04-10024-RWZ is annexed to Ewers' **Opposition** as part of the documents labeled Exhibit "F", there is no specific mention of said Complaint on the "cover letter" which Attorney Spiro sent to the Court on April 20, 2004 (which is part of Exhibit "F"). More importantly, the Complaint in question does not appear to be a part of any of the documents which appear on this

4

Court's own record in C.A. No. 04-10024-RWZ on or about April 20, 2004, the date on which the Complaint was supposedly filed with this Court. The Certificate of Service which was executed by Richard Cox states that the unspecified document which was served on Heron "is attached to this notice", but the Certificate that was filed with this Court certainly has nothing attached to it. Obviously, if the Complaint which Parfitt supposedly served on Heron was sent back to Ewers and filed with the Court, as Ewers seems to be asserting, it would have appeared on the court record. Ewers is attempting, once again, through sleight of hand, to convince this Court that he made proper service upon Heron. Thus, Ewers is continuing to make factual misrepresentations to this Court in an effort to cover up his original misrepresentation, a practice which should not be tolerated lightly by this Court.

II.  **THE PAPER TRAIL BETWEEN EWERS, HIS ATTORNEY, AND PLADOTT DEMONSTRATES THAT EWERS KNEW THAT PARFITT'S INFORMAL SERVICE ON APRIL 7, 2004 DID NOT COMPLY WITH THE HAGUE CONVENTION AS WAS FALSELY REPRESENTED TO THIS COURT.**

Rule 4(f)(1) of the Federal Rules of Civil Procedure states that service may be made upon an individual in a foreign country (such as Heron) "by any internationally agreed means reasonable calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ...". In C.A. No. 04-10024-RWZ, Ewers represented to this Court that Heron had been served with the process and in compliance with the Hague Convention on April 7, 2004. Verified Motion for Entry of Default Against Defendant Christopher Patrick Heron, ¶ 2. This, too, was a false statement.

Originally, Ewers sought to effectuate service upon Heron pursuant to the Hague Convention using a company named "APS International, Ltd." ("APS") in Minnesota. Affidavit of Alexander Pladott, hereinafter, "Pladott Aff.", ¶¶ 6 and 7 and Ex. "B". On March 23, 2004, Ewers informed Pladott that Heron had not been served and that he had "requested an [sic] legal opinion on the question can I hire an independent to serve him or do we have to go through the court system." Pladott Aff., Ex. "C". On March 26, 2004, Ewers wrote to Pladott to inform him that "The advice: Serve Heron using our guy and his procedure *then we will continue service under the Hague Convention*. Do not worry about too much service – only worry about too little". Pladott Aff., Ex. "D" (emphasis added). The "our guy and his procedure" which Ewers referenced was, of course, the private investigator, Parfitt. Ewers Aff., ¶¶ 7-9. Moreover, on March 26, 2004, Attorney Spiro advised Ewers that serving Heron informally by using someone like Parfitt would *not* comply with the Hague Convention and would be "subject to attack." Pladott Aff., ¶ 11 and Ex. "E". In light of Ewers' statement to Pladott regarding "our guy and his procedure," and Attorney Spiro's warning to Ewers that an "informal service" by a private investigator like Parfitt would *not* comply with the requirements of the Hague Convention, it would appear that Ewers deliberately misrepresented to this Court that the service by Parfitt did, in fact, comply with the Hague Convention. Moreover, the fact that Ewers continued his effort to serve Heron in accordance with the Hague Convention through APS *after* the informal service by Parfitt and admittedly failed to do so [Ewers' Opposition, p. 9][1] only serves to bolster the conclusion that Ewers knew that Parfitt did

---

[1] This course of action was consistent with Ewers' declaration to Pladott that he would "serve Heron using our guy and his procedure *then we will continue service under the Hague Convention*." Pladott Aff., Ex. "D" (emphasis added).

6

not serve Heron in conformance with the Hague Convention, and deliberately misrepresented this fact to this Court.

In his defense, Ewers points to an e-mail from Parfitt which states that "[t]he certificate of compliance with the Hague Convention was sworn in front of a solicitor, John Leonard, from Finers Stephens Innocent Solicitors authorised Commissioners of Oaths. They have the authority to witness sworn statements." Ewers Aff., ¶ 14, and Ex. "E". In the "relevant provisions of the Hague Service Provision" which Attorney Spiro sent to Ewers, it states specifically that the Certificate of Service in such a case involving the Hague Convention must be completed by the "Central Authority" designated in England for service pursuant to the Hague Convention. Pladott Aff., Ex. "E" ("Article 6"). Incidentally, the "Central Authority" which has the authority to issue and complete the Certificate of Service regarding compliance with the Hague Convention is the "Senior Master of the Supreme Court". Under the applicable rules, the foreign process section of the High Court completes the Certificate on behalf of the Senior Master. Supplemental Affidavit of Alexander Pladott, ¶¶ 7, 8. The foreign process section of the High Court did not complete the Certificate of Service filed in C.A. No. 04-10024-RWZ. It was Ewers, of course, who forwarded the "Certificate of Compliance" to Parfitt and requested that he "execute it before a solicitor" [Parfitt Affidavit, ¶ 9], contrary to the applicable rules of the Hague Convention on service.

Obviously, there is nothing in the Certificate of Service regarding compliance with the Hague Convention which Ewers filed with this Court, or in Parfitt's April 19, 2004 e-mail, which indicates that the Solicitor, John Leonard, or Richard Cox, were agents of the "Central Authority" in England – the e-mail stated only that Mr. Leonard

7

acted as a witness for the signature of Richard Cox, the employee of Parfitt who served Heron on April 7, 2004. The April 19, 2004 e-mail from Parfitt to Ewers is, therefore, of no help to Ewers.

### III. EWERS SHOULD BE ESTOPPED FROM ARGUING THAT PLADOTT LACKS STANDING TO RAISE THE MISREPRESENTATION ISSUE BECAUSE IT WAS THE DEFAULT WHICH EWERS FRAUDULENTLY OBTAINED WHICH PRECLUDED PLADOTT FROM INTERVENING IN C.A. NO. 04-10024-RWZ.

Having been caught red-handed, Ewers resorts to claiming that Pladott lacks "standing" to raise the issue concerning Ewers' misrepresentations to the Court in C.A. No. 04-10024-RWZ because Pladott in not a party to said case. When Pladott attempted to intervene in C.A. No. 04-10024-RWZ, Ewers argued, and this Court agreed with him, that the intervention was untimely because a default had already been obtained by Ewers against Heron. If Heron's default was obtained by virtue of misrepresentations, Pladott submits that Ewers should be estopped from arguing that Pladott lacks standing to raise the issue of Ewers' misrepresentations in C.A. No. 04-10024-RWZ because Pladott's attempt to intervene was unsuccessful and he is not a party to that case.

In addition, Pladott brought this action, in part, to specifically enforce an agreement between himself and Ewers concerning the sharing of any assets obtained from Heron via a judgment obtained in C.A. No. 04-10024-RWZ. If Ewers is allowed to obtain a default judgment, based on misrepresentations to this Court, and to use that judgment in violation of the terms and conditions of his agreement with Pladott, it follows that Pladott should be allowed to challenge the issuance of a judgment if it was procured by fraud.

## CONCLUSION

It would appear that the Defendant, Larry Ewers, purposely served Heron with a document from C.A. No. 02-10532-RWZ to confuse Heron and mislead him so that he would not respond to the Complaint in C.A. No. 04-10024-RWZ and consequently would be in default. Ewers also knowingly misrepresented that he had served Heron in accordance with the Hague Convention. Perhaps not surprisingly, Ewers is continuing to make misrepresentations to this Court in an effort to cover up his original fabrications. The appropriate remedy for this wrongdoing is for this Court to find specifically that Ewers made the misrepresentations in C.A. No. 04-10024-RWZ, and to decline to enter a default judgment in said case when requested to do so by Ewers.

ALEXANDER PLADOTT

By his Attorney,

*Isaac H. Peres*
Isaac H. Peres, BBO #545149
50 Congress Street
Boston, MA 02109
(617) 722-0094

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2005, I served a copy of this Reply, by first class mail, upon Alan Spiro, Edwards & Angell, LLP, 101 Federal Street, Boston, MA 02110.

*Isaac H. Peres*
Isaac H. Peres

9