UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10356-RWZ

ALEXANDER PLADOTT

v.

LARRY EWERS

MEMORANDUM OF DECISION

February 3, 2006

ZOBEL, D.J.

Howard Eugene Liner ("Liner") invested money with Christopher Heron ("Heron"), Corporation of the Bankhouse, Inc. ("COB") and James F. Pomeroy, II ("Pomeroy") who, together, allegedly swindled him of his entire investment. Subsequently, Liner executed a Power of Attorney (the "POA") and Compensation Agreement with defendant Larry Ewers ("Ewers") in exchange for Ewers' efforts to recoup Liner's investment.  Ewers and other creditors of Heron, including plaintiff Alexander Pladott who serves as trustee for some of the creditors, then entered a settlement agreement with Heron that, according to plaintiff's Complaint, obligated the parties to share any recovered funds.  However, Ewers, allegedly in contravention of the settlement agreement, filed suit (Civil Action No. 04-10024-RWZ) on his own behalf against Heron, COB and Pomeroy.  Liner disputes the scope of Ewers' authority, and he and the other creditors moved to intervene as plaintiffs.  The court denied the motion for intervention, and the First Circuit affirmed the denial.  See Ewers v. Heron,

419 F.3d 1 (1st Cir. 2005).  In the meantime, Liner, although not a party to the action, filed with the court an unofficial notice of litigation between himself and plaintiff regarding the validity and scope of authority of the POA in a separately filed case in Texas state court, E.P.D. Mgmt. Co., L.L.C. and Ewers v. Liner (2003-33307).  Pending resolution of this litigation, the court stayed and administratively closed Civil Action No. 04-10024-RWZ.

Plaintiff filed the instant suit against Ewers for specific performance of the settlement agreement and damages as a result of alleged fraud on the court.  Both parties have filed motions.  The rulings thereon follow:

1.   Plaintiff's Motion for Preliminary Injunction Against Defendant Ewers (Docket #7)

Plaintiff seeks to enjoin defendant from claiming to be a direct creditor of Heron as a result of the POA and Compensation Agreement executed between defendant and Liner.  In essence, plaintiff challenges the validity and scope of those agreements. However, he is neither to be a party nor a third-party beneficiary nor does he allege any other position from which he might have standing to seek enforcement or rejection of the agreements.  Plaintiff cites no legal authority or standard for the injunction, nor does he ever attempt to conform the facts of this case to such authority, even though preliminary injunctions customarily require a meaningful showing of imminent and irreparable harm.  Moreover, it remains entirely unclear how the requested injunction will further the plaintiff's stated purpose in filing the instant suit, namely, his claims for specific enforcement of the settlement agreement and damages for fraud on the court. The Motion for Preliminary Injunction is denied.

2.  <u>Plaintiff's Motion for Leave to File Supplementary Affidavit in Support of Motion for Preliminary Injunction (Docket #13)</u>

    In view of the ruling above, the motion is moot.

3.  <u>Motion for Sanctions Against Plaintiff (Docket #14)</u>

    Defendant seeks the imposition of sanctions against plaintiff under Rule 11 of the Federal Rules of Civil Procedure for (1) filing an allegedly unwarranted and frivolous motion for preliminary injunction and (2) allegedly attempting to manipulate defendant's conduct in the litigation by means of extortion.  Defendant may be correct in asserting that plaintiff initiated the instant lawsuit as a result of the denial of his request to intervene in a related suit.  However, defendant's characterization of the motion as unwarranted requires highly specific factual findings that, at this point in the suit, would be premature, especially given the historic context of the many lawsuits, numerous agreements, hotly disputed facts and general finger-pointing that shape the landscape of both parties' claims.  These reasons also undermine defendant's second basis for his Motion for Sanctions.  Accordingly, the motion is denied.

4.  <u>Plaintiff's Motion to Preclude Entry of Judgment in C.A. No. 04-10024-RWZ Based on Misrepresentation By Defendant (Docket #18)</u>

    In this motion, plaintiff seeks to accomplish indirectly what he could not otherwise attain directly, namely, preventing the entry of judgment in a separate lawsuit in which plaintiff is not only not a party, but in which the court explicitly denied his intervention.  Furthermore, in his supporting brief that focuses on defendant's allegedly improper and invalid use of a power of attorney, plaintiff nowhere explains how the

motion advances his claims in the instant lawsuit regarding specific performance and fraud on the court.  However, the motion is moot in light of the court's order staying the related case pending resolution of the underlying dispute between Ewers and Liner in the Texas proceeding.

| | |
|---|---|
| _____<br>DATE | /s/ Rya W.Zobel_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |